```
J. Jonathan Hawk (SBN 254350)
WHITE & CASE LLP
555 South Flower St. Suite 2700
Los Angeles, CA 90071-2433
Telephone: (213) 620-7741
jhawk@whitecase.com

Attorneys for X Corp., as successor in interest
to named defendant Twitter, Inc.
```

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| WHITE COAT CAPTIONING, LLC; YES CONSULTING, LLC; CANCOMM LLC (DBA DIALOGUE INC.); DIALOGUE MÉXICO S.A. DE C.V.; AUTUMN COMMUNICATIONS, INC.; AND BUSINESS TRAINING WORKS, INC., on behalf of themselves and all others similarly situated;<br><br>                      Plaintiffs,<br><br>  v.<br><br>TWITTER, INC.<br><br>                      Defendant. | Case No. 3:23-cv-01594<br><br>**X CORP.'S NOTICE OF MOTION AND MOTION TO DISMISS CANCOMM LLC'S AND DIALOGUE MÉXICO S.A. de C.V.'S CLAIMS FOR FORUM NON CONVENIENS**<br><br>Hrg: September 11, 2023<br>Time: 9:30 a.m.<br>Ctrm: C – 15th Floor<br>Judge: Honorable Sallie Kim |

## NOTICE OF MOTION AND MOTION TO DISMISS

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD: PLEASE TAKE NOTICE that on September 11, 2023 at 9:30 a.m., or as soon thereafter as this matter may be heard, in the United States District Court for the Northern District of California, located at 450 Golden Gate Avenue, San Francisco, CA 94102-4389, in Courtroom C – 15th Floor, before the Honorable Sallie Kim, X Corp., as successor in interest to named defendant Twitter, Inc. ("**Twitter**"), will move the Court for an order dismissing, with prejudice, all claims against Twitter by Cancomm LLC dba Dialogue Inc. ("**Cancomm**") and Dialogue México S.A. de C.V. ("**Dialogue México**") under the doctrine of *forum non conveniens* and *Atlantic Marine Construction Company v. United States District Court for the Western District of Texas*, 571 U.S. 49 (2013).  Cancomm and Dialogue México entered into a contract governing the provision of services at-issue in their First Amended Class Action Complaint (the "**Amended Complaint**"), which contract provides that any claims arising from the agreement shall be litigated exclusively in courts in London, England.  Cancomm and Dialogue México thus cannot bring their claims in this Court, and their claims should be dismissed with prejudice.

The Motion is based on this Notice of Motion and Motion to Dismiss Cancomm LLC's and Dialogue México S.A. de C.V.'s Claims, the Memorandum of Points and Authorities, the Declaration of Martin O'Neill, all other pleadings and papers on file in this action, any other such matters upon which the Court may take judicial notice, the arguments of counsel, and any other matter the Court may properly consider.

## RELIEF SOUGHT

Twitter seeks dismissal, with prejudice, of all of Cancomm LLC's and Dialogue México S.A. de C.V.'s claims under the doctrine of *forum non conveniens* and *Atlantic Marine Construction Company v. United States District Court for the Western District of Texas*, 571 U.S. 49 (2013).

**TABLE OF CONTENTS**

**Page(s)**

MEMORANDUM OF POINTS AND AUTHORITIES ...................................................1

A.    INTRODUCTION ................................................................................................1

B.    STATEMENT OF ISSUE TO BE DECIDED ....................................................1

C.    FACTUAL BACKGROUND ...............................................................................2

      1.    Relevant MSA and SOWs with Cancomm and Dialogue México .............2

      2.    Cancomm's and Dialogue México's Allegations Arise Under the MSA and Relevant SOWs ...................................................................................4

D.    PROCEDURAL HISTORY ..................................................................................5

E.    ARGUMENT.........................................................................................................5

      1.    Cancomm's and Dialogue México's Respective Claims Fall Within the Scope of Section 12.9 MSA's Forum Selection Clause ............................7

      2.    Enforcement of the Forum Selection Clause Results in Dismissal of This Action Under the Doctrine of Forum Non Conveniens...............................8

F.    CONCLUSION...................................................................................................11

# TABLE OF AUTHORITIES

**Page(s)**

**FEDERAL CASES**

*Aimsley Enters. Inc. v. Merryman*,
  No. 19-cv-02101-YGR, 2020 U.S. Dist. LEXIS 60295 (N.D. Cal. Apr. 6, 2020) ................... 7

*Argueta v. Banco Mexicano, S.A.*,
  87 F.3d 320 (9th Cir. 1996) ................................................................................................... 9

*Atl. Marine Constr. Co. v. U.S. Dist. Ct.*,
  571 U.S. 49 (2013) ........................................................................................................ passim

*Batdorf v. Trans Union*,
  No. 00-0501(CRB), 2000 U.S. Dist. LEXIS 6796 (N.D. Cal. May 8, 2000) ........................ 5

*Becker v. U.S. Dist. Ct.*,
  993 F.3d 731 (9th Cir. 2021) ................................................................................................. 9

*Brady Mktg. Co., Inc. v. KAI USA, Ltd.*,
  No. 16-cv-02854-RS, 2016 U.S. Dist. LEXIS 115877 (N.D. Cal. Aug. 29, 2016) ............... 2

*Cline v. Reetz-Laiolo*,
  329 F. Supp. 3d 1000 (N.D. Cal. 2018) ................................................................................. 5

*Finsa Portafolios, S.A. de C.V. v. Opengate Capital, LLC*,
  769 F. App'x 429 (9th Cir. 2019) .................................................................................. 5, 6, 9

*Fraser v. Brightstar Franchising LLC*,
  No. 16-cv-01966-JSC, 2016 U.S. Dist. LEXIS 107900 (N.D. Cal. Aug. 15, 2016) ........... 10

*Harris v. County of Orange*,
  682 F.3d 1126 (9th Cir. 2012) ............................................................................................... 2

*Krainski v. Nevada ex rel. Bd. of Regents of NV. System of Higher Educ.*,
  616 F.3d 963 (9th Cir. 2010) ................................................................................................. 7

*Lewis v. Liberty Mut. Ins. Co.*,
  953 F.3d 1160 (9th Cir. 2020) ............................................................................................... 7

*Nibirutech Ltd. v. Jang*,
  75 F. Supp. 3d 1076 (N.D. Cal. 2014) ................................................................................... 6

*Moss v. Dixon*,
  No. 11-cv-04706-WHO (PR), 2014 U.S. Dist. LEXIS 145636 (N.D. Cal. Oct. 10, 2014) ... 2

*M/S Bremen v. Zapata off-Shore Co.*,
  407 U.S. 1, 15 (1972) ......................................................................................................... 6, 7

*Palantir Techs., Inc. v. Palantir.net, Inc.*,
    No. C 10-04283 CRB, 2011 U.S. Dist. LEXIS 1700 (N.D. Cal. Jan. 7, 2011) ........................5

*Ponomarenko v. Shapiro*,
    287 F. Supp. 3d 816 (N.D. Cal. 2018) ............................................................................... 6, 8

*Rang Dong Joint Stock Co. v. J.F. Hillebrand USA, Inc.*,
    603 F. Supp. 3d 885 (E.D. Cal. 2022) ............................................................................... 5, 9

*Rostami v. Hypernet Inc.*,
    No. 22-cv-01813-EJD, 2023 U.S. Dist. LEXIS 54320 (N.D. Cal. Mar. 29, 2023) ............. 7, 10

*Salesforce.com, Inc. v. GEA, Inc.*,
    No. 19-cv-01710-JST, 2019 U.S. Dist. LEXIS 136745 (N.D. Cal. Aug. 13, 2019) ..................6

*Sun v. Advanced China Healthcare, Inc.*,
    901 F.3d 1081 (9th Cir. 2018) ..................................................................................... 7, 9, 10

*Weber Distrib., LLC v. RSUI Indem. Co.*,
    LA CV17-09238 JAK (AGRx), 2018 U.S. Dist. LEXIS 225174 (C. D. Cal. Aug. 2, 2018) .... 2

*White Knight Yacht, LLC v. Certain Lloyds at Lloyd's London, et al.*,
    407 F. Supp. 3d 931 (S.D. Cal. 2019) ............................................................................... 9, 10

*Zhixun Samuel Sun v. Rickenbacker Collections*,
    No. 5:10-CV-1055 EJD, 2012 U.S. Dist. LEXIS 95429 (N.D. Cal. July 10, 2012) ................5

**FEDERAL RULES**

Federal Rule of Civil Procedure 12(a)(4)(a) ...................................................................................5

# MEMORANDUM OF POINTS AND AUTHORITIES

## A.     INTRODUCTION

Twitter responded to Plaintiffs' original Class Action Complaint on June 16, 2023 (the "**Complaint**") by filing a Motion to Dismiss plaintiffs Cancomm's and Dialogue México's claims, on the basis that the relevant Master Services Agreement (the "**MSA**") contains an exclusive choice of venue provision. Mot. to Dismiss, Dkt. 14 (June 16, 2023). Specifically, Section 12.9 of the MSA provides that "[a]ny legal action or proceeding arising under this Agreement will be brought exclusively in the courts of London, England" (emphasis added), and that any such dispute shall be governed by the laws of England and Wales. Plaintiffs did not oppose Twitter's Motion to Dismiss and, instead on June 30, 2023, filed the Amended Complaint. The Amended Complaint, however, still names Cancomm and Dialogue México as plaintiffs.

The Amended Complaint contains the same allegations as Plaintiffs' original Complaint regarding Cancomm's and Dialogue México's relationships with Twitter, including as to the MSA. And nothing in the Amended Complaint even attempts to address the arguments that Twitter made, or the evidence it submitted in support of, its Motion to Dismiss, showing that Cancomm's and Dialogue México's claims must be dismissed with prejudice on *forum non conveniens* grounds.

Just as shown in Twitter's Motion to Dismiss, this Court is not the specified forum for this dispute. The parties' agreed-upon forum selection clause should be enforced and the case dismissed for *forum non conveniens* pursuant to *Atlantic Marine Construction Company v. United States District Court for the Western District of Texas*, 571 U.S. 49 (2013). Cancomm's and Dialogue México's claims should be heard exclusively by courts in London, and those claims should be dismissed with prejudice here.

For these reasons, as set forth more fully below, Twitter respectfully requests that the Court dismiss Cancomm's and Dialogue México's claims, without leave to amend.

## B.     STATEMENT OF ISSUE TO BE DECIDED

Whether claims brought by Cancomm and Dialogue México should be dismissed under the doctrine of *forum non conveniens* and *Atlantic Marine Construction Company v. United States District Court for the Western District of Texas*, 571 U.S. 49 (2013), and its progeny.

C. **FACTUAL BACKGROUND**

1. **Relevant MSA and SOWs with Cancomm and Dialogue México**

Cancomm, as the "Supplier," entered into the MSA on May 1, 2018, with Twitter International Company ("**Twitter International**"), an entity organized and existing under the laws of Ireland. Declaration of Martin O'Neill ("**O'Neill Decl.**")[1], Dkt. 15, ¶ 5, Ex. 1 (Dkt. 15-1, MSA, pg. 1);[2] Am. Compl., ¶ 39. Twitter International entered into the MSA on its own behalf, as well as for the "benefit of its [Twitter International's] affiliates and subsidiaries."[3]

The MSA sets forth a general framework under which Cancomm will provide consulting services to Twitter International, its affiliates, and/or subsidiaries, and specifies that any specific consulting services project will require the parties thereto to enter into a "Statement of Work" ("**SOW**") that describes the project to be performed. *Id.*, Ex. 1 (MSA), at § 1 (definitions of "Services" and "Statement of Work") and § 2.1). The MSA further provides that each Statement of Work "will be subject to the terms and conditions" set forth in the MSA. *Id.* at § 2.1; *see also* Am. Compl., ¶ 40 (admitting in the context of particular SOW, "[t]he Statement of Work is governed by the terms and conditions in the Master Services Agreement").

---

[1] The O'Neill Declaration (Dkt. 15) was previously filed with Twitter's June 16, 2023 Motion to Dismiss (Dkt. 14). Twitter permissibly relies on this previously filed declaration, *see Moss v. Dixon*, No. 11-cv-04706-WHO (PR), 2014 U.S. Dist. LEXIS 145636, at *6, fn. 2 (N.D. Cal. Oct. 10, 2014) (in granting defendants' motion for summary judgment, court relied on evidence established via declarations that defendants cited and had previously filed in the same case in support of their motion to dismiss), which in any event can be judicially noticed by the Court as a publicly filed document. *See Weber Distrib., LLC v. RSUI Indem. Co.*, LA CV17-09238 JAK (AGRx), 2018 U.S. Dist. LEXIS 225174, *15 (C. D. Cal. Aug. 2, 2018) (relying on *Harris v. County of Orange*, 682 F.3d 1126, 1131-32 (9th Cir. 2012) to take judicial notice of declarations previously filed in the case).

[2] The MSA and relevant SOWs can, in any event, be considered under the incorporation by reference doctrine. The Amended Complaint includes extensive allegations regarding the MSA and relevant SOWs, and premises its breach of contract claim for Cancomm and Dialogue México on those agreements. That is sufficient, as the Ninth Circuit has extended the "incorporation by reference doctrine to situations in which the plaintiff's claim depends on the contents of a document, the defendant attaches the document to its motion to dismiss, and the parties do not dispute the authenticity of the document, even though the plaintiff does not explicitly allege the contents of that document in the complaint." *Brady Mktg. Co., Inc. v. KAI USA, Ltd.*, No. 16-cv-02854-RS, 2016 U.S. Dist. LEXIS 115877, at *2 n.1 (N.D. Cal. Aug. 29, 2016) (quoting *Knievel v. ESPN*, 393 F.3d 1068, 1076 (9th Cir. 2005)).

[3] The Amended Complaint alleges the MSA between Cancomm and Twitter International was entered into on May 1, 2017. Am. Compl., ¶ 39. Twitter is unable to locate any MSA with Cancomm with that 2017 date (O'Neill Decl., Dkt. 15, ¶ 10), and believes Cancomm's allegation is a typographical error, as the date of the MSA should be May 1, 2018. The Amended Complaint also alleges that Twitter México S.A. de C.V. entered into an MSA with Dialogue México on May 1, 2018. Am. Compl., ¶ 39. Twitter is unable to locate any such MSA (O'Neill Decl., Dkt. 15, ¶ 11), and believes Dialogue México's allegation is simply incorrect and the relevant MSA is the one dated May 1, 2018 with Cancomm.

Section 12.9 of the MSA contains a choice of law and choice of venue provision, specifying that, among other things, any dispute arising from the MSA will be brought "exclusively in the courts of London, England:"

> **12.9 Governing Law.** Law. This Agreement will be governed by and construed in accordance with the laws of England and Wales, excluding that body of law pertaining to conflict of laws. <u>Any legal action or proceeding arising under this Agreement will be brought exclusively in the courts of London, England</u>, and the parties hereby irrevocably consent to the personal jurisdiction and venue therein.

Ex. 1 (MSA), at § 12.9 (emphasis added).

Cancomm thereafter entered into several SOWs with Twitter International Company and/or its affiliates under the MSA. *See*, *e.g.*, Am. Compl., ¶ 40. Relevant here based on the allegations in the Amended Complaint, in November 2020 Cancomm and Twitter, Inc. entered into SOW #5, effective as of January 1, 2021, and scheduled to run for one year, for "Communication and Public Relation Services or Spanish Speaking Latam: Argentina, Chile, Columbia." O'Neill Decl., Dkt. 15, ¶ 6, Ex. 2 (Dkt. 15-2, SOW #5). The first page of SOW #5 provides that it is "entered into pursuant to the terms and conditions of that [MSA]." *Id.* (SOW #5 at 1). Section 6 further confirms that SOW #5 is governed by the terms in the MSA:

> **6. ACCEPTANCE**
> …
> FURTHER, EACH PARTY AGREES THAT, <u>ALONG WITH THE APPLICABLE MASTER SERVICES AGREEMENT, THIS STATEMENT OF WORK AND APPLICABLE CHANGE ORDERS ARE THE COMPLETE AND EXCLUSIVE STATEMENT OF THE AGREEMENT BETWEEN THE PARTIES RELATING TO THE SERVICES DESCRIBED HEREIN</u>, WHICH SUPERSEDES ALL PROPOSALS OR PRIOR AGREEMENTS, ORAL OR WRITTEN, AND ALL OTHER COMMUNICATIONS BETWEEN THE PARTIES RELATING TO THE SUBJECT MATTER HEREOF.

Ex. 2 (SOW #5), at § 6 (emphasis added).

In December 2021, SOW #5 was extended by written amendment between Cancomm and Twitter, Inc., to run through December 31, 2022. O'Neill Decl., Dkt. 15, ¶ 7, Ex. 3 (Dkt. 15-3, Amendment #1 to SOW #5). As with SOW #5, Amendment #1 states that it is "issued under and subject to all the terms and conditions of the [MSA]," and that "[a]ll other terms and conditions of the SOW and [MSA] shall remain in full force and effect." *Id.* (Amendment #1 to SOW #5 at 1).

1    Cancomm in December 2020 entered into SOW #6 with Twitter México, S.A. de C.V.
2    ("**Twitter México**"), for "Communication and Public Relations Services for México," that would
3    become effective January 1, 2021, and was scheduled to end one year later.  O'Neill Decl., ¶ 8,
4    Dkt. 15, Ex. 4 (Dkt. 15-4, SOW #6).  The first page of SOW #6 -- just as with SOW #5 -- provides
5    that it is "entered into pursuant to the terms and conditions of that [MSA]," and contains the same
6    Section 6 as quoted above regarding "Acceptance."  *Id.* (SOW #6 at 1).  SOW #6 was extended
7    for one additional year by a written amendment that was executed on December 21, 2021, and
8    provided the services period under SOW #6 would run until December 31, 2022.  O'Neill Decl.,
9    Dkt. 15, ¶ 9, Ex. 5 (Dkt. 15-5, Amendment #1 to SOW #6).[4]

### 2.    Cancomm's and Dialogue México's Allegations Arise Under the MSA and Relevant SOWs

The Amended Complaint alleges that Cancomm entered into the MSA with Twitter International Company on May 1, 2017, and that Twitter México entered into a "Master Services Agreement" with Dialogue México "on May 1, 2018."  Am. Compl., ¶ 39.  The Amended Complaint further alleges that Cancomm entered into a "written agreement," *i.e.*, SOW, with Twitter México "in December 2021" for "communication and public relation services for 2022," that is "governed by the terms and conditions in the Master Services Agreement."  *Id.* at ¶¶ 40-41.

The Amended Complaint goes on to allege that "Dialogue," between November 3, 2022, and December 23, 2022, sent Twitter invoices totaling $140,000 for work performed under the SOW entered into "in December 2021" for "communications and public relation services for 2022," and that Twitter "approved" those invoices but has not timely paid them.  *Id.* at ¶¶ 42-44.

On these bases, Cancomm and Dialogue México -- in disregard of the MSA's choice of venue provision, providing that this dispute shall be heard exclusively in courts in London -- each assert a single claim for breach of contract against Twitter, i.e., for purported non-payment of invoices for work performed under either SOW #5 or SOW #6, as amended.[5]

---

[4] The Amended Complaint alleges that Cancomm "entered into a written agreement with Twitter México … for itself and the benefit of its affiliates" in December 2021.  Am. Compl., ¶ 40.  Based on the allegations and the declaration submitted herewith, Twitter contends that Amendment #1 to SOW #6 is the relevant agreement.

[5] Twitter reserves the right to answer the remaining claims brought by Plaintiffs White Coat Captioning, LLC, YES

- 4 -

### D. **PROCEDURAL HISTORY**

Plaintiffs filed their Complaint on April 4, 2023. Compl., Dkt. 1. After agreement between the parties to extend Twitter's deadline to respond, *see* Stip., Dkt. 11; Stip., Dkt. 13, Twitter filed its Motion to Dismiss Cancomm LLC's and Dialogue México S.A. de C.V.'s Claims for *Forum Non Conveniens* and a separate Motion to Strike Class Allegations on June 16, 2023. Dkt. 14, 16.

Instead of opposing Twitter's motions, Plaintiffs filed their Amended Complaint on June 30, 2023. ECF No.17. The Amended Complaint does not include any new information regarding Cancomm's and Dialogue México's claims, nor does it address any of the arguments or evidence that Twitter submitted in its Motion to Dismiss Cancomm's and Dialogue México's claims in connection with Plaintiffs' Complaint.

### E. **ARGUMENT**

"[T]he appropriate way to enforce a forum selection clause pointing to a state or foreign forum is through the doctrine of *forum non conveniens*." *Atl. Marine*, 571 U.S. at 60; *see Finsa Portafolios, S.A. de C.V. v. Opengate Capital, LLC*, 769 F. App'x 429, 430 (9th Cir. 2019) (affirming dismissal for *forum non conveniens* where valid forum selection clause identified the courts of Reynosa, Tamaulipas, Mexico, as the proper forum for claims arising out of the at-issue agreements). The party seeking to enforce the forum selection clause in connection with a motion to dismiss bears the burden of demonstrating the clause's inclusion in the contract. *Rang Dong Joint Stock Co. v. J.F. Hillebrand USA, Inc.*, 603 F. Supp. 3d 885, 889 (E.D. Cal. 2022) (dismissal for *forum non conveniens* warranted where forum selection clause agreed by and clear to plaintiff).

Once that burden is met, courts must modify the balance of relevant factors under the *forum*

---

Consulting, LLC, Autumn Communications, Inc., and Business Training Works, Inc. upon resolution of this motion, as this motion to dismiss extends Twitter's time to answer all claims, not just those subject to the motion. *See Cline v. Reetz-Laiolo*, 329 F. Supp. 3d 1000, 1024 n.12 (N.D. Cal. 2018) (noting that defendant reserved the right to respond to additional claims after the disposition of his partial motion to dismiss); *Zhixun Samuel Sun v. Rickenbacker Collections*, No. 5:10-CV-1055 EJD, 2012 U.S. Dist. LEXIS 95429, at *4 (N.D. Cal. July 10, 2012) (holding that Federal Rule of Civil Procedure 12(a)(4)(a) extending time to respond to a complaint where a Rule 12 motion is filed "also applies in circumstances where, as here, the defendant files a motion to dismiss that is only partially dispositive"); *Palantir Techs., Inc. v. Palantir.net, Inc.*, No. C 10-04283 CRB, 2011 U.S. Dist. LEXIS 1700, at *6 (N.D. Cal. Jan. 7, 2011) ("[t]he filing of a motion to dismiss the other causes of action enlarged the time for [the defendant] to respond to the entire complaint, including those causes of action it did not move to dismiss" (quoting *Batdorf. v. Trans Union*, No. 00-0501(CRB), 2000 U.S. Dist. LEXIS 6796, at *5 (N.D. Cal. May 8, 2000)).

*non conveniens* test in three ways, all of which place a heavy burden on a plaintiff to show that an exceptional circumstance exists that would justify refusing to apply the choice of forum clause. *Atl. Marine*, 571 U.S. at 63; *see generally Salesforce.com, Inc. v. GEA, Inc.*, No. 19-cv-01710-JST, 2019 U.S. Dist. LEXIS 136745, at *15 (N.D. Cal. Aug. 13, 2019).  As explained by Judge Tigar in 2019:

> First, courts give the plaintiff's choice of forum no weight, instead placing on the plaintiff 'the burden of establishing that transfer to the forum for which the parties bargained is unwarranted.'[6]  Second, courts must treat 'the private-interest factors' as 'weigh[ing] entirely in favor of the preselected forum.'  Finally, 'when a party bound by a forum-selection clause flouts its contractual obligation and files suit in a different forum, a § 1404(a) transfer of venue will not carry with it the original venue's choice-of-law rules -- a factor that in some circumstances may affect public-interest considerations.'  As a result of the first two factors, the *Atlantic Marine* Court explained, 'the practical result is that forum-selection clauses should control except in unusual cases.'

*Salesforce.com, Inc.*, 2019 U.S. Dist. LEXIS 136745, at * 15 (citations omitted).

Indeed, where a motion to dismiss is based on a forum selection clause -- as opposed to being based solely on the doctrine of *forum non conveniens* -- *Atlantic Marine* "holds that the court cannot consider the 'private interest' factors such as the plaintiff's choice of forum and the convenience of the parties and witnesses." *Nibirutech Ltd. v. Jang*, 75 F. Supp. 3d 1076, 1080 (N.D. Cal. 2014) (citations omitted).  A forum selection clause is presumptively valid, and the party challenging it "bears a 'heavy burden of proof' and must 'clearly show that enforcement would be unreasonable and unjust, or that the clause was invalid for such reasons as fraud or overreaching.'" *Ponomarenko v. Shapiro*, 287 F. Supp. 3d 816, 835 (N.D. Cal. 2018) (finding enforcement of forum selection clause proper where, even despite plaintiff's challenge to its effectiveness, defendant showed the relevant agreement contained an exclusive forum selection clause, plaintiff's claims fell within its provisions, and plaintiff failed to show that any public factors weighed against enforcement) (citing *M/S Bremen v. Zapata off-Shore Co.*, 407 U.S. 1, 15 (1972)).

---

[6] *See also Finsa Portafolios*, 769 F. App'x at 430 ("[w]here the parties have agreed to a 'valid forum-selection clause,' the clause is 'given controlling weight' in a *forum non conveniens* analysis 'in all but the most exceptional cases' and the plaintiff's choice of forum is given 'no weight'").

Applying this law, the Ninth Circuit has stated that it will be a rare, "exceptional" case where circumstances may exist to justify not applying a forum selection clause. These circumstances include: (1) the forum selection clause's incorporation into the contract was the result of "fraud or overreaching;" (2) the selected forum is so "gravely difficult and inconvenient" that the complaining party will "for all practical purposes be deprived of its day in court;" or (3) "enforcement would contravene a strong public policy of the forum in which suit is brought." *Sun v. Advanced China Healthcare, Inc.*, 901 F.3d 1081, 1088 (9th Cir. 2018) (quoting *M/S Bremen*, 407 U.S. at 15, 18).

If the party seeking to avoid application of a valid forum selection clause cannot establish that such an exceptional circumstance exists, and if amendment would be futile, dismissal without leave to amend should be granted. *Krainski v. Nevada ex rel. Bd. of Regents of NV. System of Higher Educ.*, 616 F.3d 963, 972 (9th Cir. 2010). Because federal courts are unable to transfer cases to courts of a foreign country, where the forum selection clause dictates a foreign forum, dismissal is the most appropriate path forward. *Aimsley Enters., Inc. v. Merryman*, No. 19-cv-02101-YGR, 2020 U.S. Dist. LEXIS 60295, at *8 (N.D. Cal. Apr. 6, 2020); *see also Lewis v. Liberty Mut. Ins. Co.*, 953 F.3d 1160, 1165 (9th Cir. 2020) (quoting *Atlantic Marine*, 571 U.S. at 60, as stating "the appropriate way to enforce a forum selection clause pointing to a state or foreign forum is through the doctrine of *forum non conveniens*"); *Rostami v. Hypernet Inc.*, No. 22-cv-01813-EJD, 2023 U.S. Dist. LEXIS 54320, at *6 (N.D. Cal. Mar. 29, 2023) (same).

### 1. Cancomm's and Dialogue México's Respective Claims Fall Within the Scope of Section 12.9 MSA's Forum Selection Clause

The Amended Complaint admits that Cancomm entered into the MSA and relevant SOWs discussed above, and that Dialogue México likewise entered into the relevant contractual terms via Amendment #1 to SOW #6. Specifically, the Amended Complaint:

- admits that Cancomm entered into the MSA with Twitter International (Am. Compl., ¶ 39);
- admits that Cancomm entered into an SOW underlying the claim (*Id.* at ¶¶ 40-41);[7]

---

[7] It is unclear whether the basis for Cancomm's and Dialogue México's respective claims is SOW #5 or SOW #6

- admits that Dialogue México entered into an SOW underlying its claim for non-payment (*Id.* at ¶¶ 40-44);

- admits that the relevant SOW is "governed by the terms and conditions in the Master Services Agreement" (*Id.* at ¶ 40); and

- admits that Cancomm's and Dialogue México's breach of contract claims arise under the MSA, as those claims are expressly premised on Twitter's alleged non-payment of invoices for work allegedly performed under the relevant SOW (*Id.* at ¶¶ 39-44).

It follows that the forum selection provision in Section 12.9 of the MSA -- which is applicable to claims "arising under" this agreement -- governs here. Section 12.9 is contained in the MSA, and expressly provides that, "any legal action or proceeding arising under this Agreement will be brought <u>exclusively</u> in the courts of London, England, and the parties hereby <u>irrevocably</u> consent to the personal jurisdiction and venue therein." Ex. 1 (MSA), at § 12.9 (emphasis added). As above, Cancomm agreed to that when it signed the MSA, SOW #5, Amendment #1 to SOW #5, and SOW #6. Dialogue México agreed to it when it became the "Supplier" under Amendment #1 to SOW #6, and agreed to abide by the relevant provisions in the MSA that it is now suing under.

This showing by Twitter that there is a valid forum selection agreement in its MSA with Cancomm and Dialogue México is the only showing that Twitter needs to make. *See*, *e.g.*, *Ponomarenko*, 287 F. Supp. 3d at 835. The forum selection clause is presumptively valid. And *Atlantic Marine* applies such that the private interest factors weigh entirely in favor of the forum selected by the parties, i.e., courts in London, and it is Cancomm's and Dialogue México's burden (which they cannot carry) to demonstrate this is an exceptional case where transfer is unwarranted.

### 2. **Enforcement of the Forum Selection Clause Results in Dismissal of This Action Under the Doctrine of Forum Non Conveniens**

This is not an "exceptional case" where the forum selection clause in the at-issue agreement

---

(both as amended). Both amendments were entered into in December 2021. O'Neill Decl., Dkt. 15, ¶¶ 7, 9, Exs. 3, 5 (Dkt. 15-3 and 15-5). Nonetheless, that distinction does not matter for purposes here, as both contain the same relevant provisions, specifying that they are governed by the terms of the MSA, including the forum selection clause providing that Cancomm's and Dialogue México's respective claims can be heard only in courts in London, England.

1    should be disregarded.

2        First, the Amended Complaint does not contest the MSA's validity.  The Amended
3    Complaint actually admits the MSA is valid.  *See* Am. Compl. ¶¶ 39-44; O'Neill Decl., Dkt. 15,
4    Ex. 1 (Dkt. 15-1).  There are no allegations that Section 12.9 or the MSA itself were the result of
5    "fraud or overreaching."  *Sun*, 901 F.3d at 1088.  Cancomm was aware of this forum selection
6    clause, as it is included in the plain language of the agreement, and Cancomm agreed to it.  *See*
7    *Rang Dong*, 603 F. Supp. 3d at 893 (finding that a forum selection clause was "reasonably
8    communicated" to plaintiff and therefore enforceable).  The same is true for Dialogue México,
9    which agreed to Amendment #1 of SOW #6, O'Neill Decl., Dkt. 15, Ex. 5 (Dkt. 15-5), and agreed
10   to be bound by the MSA and SOW.

11       Second, there is no reason to believe that London courts would "deprive" Cancomm of its
12   day in court.  *See Argueta v. Banco Mexicano, S.A.*, 87 F.3d 320, 326 (9th Cir. 1996) (finding it
13   was not "gravely" dangerous for plaintiff to travel to Mexico to litigate); *Finsa Portafolios*, 769
14   Fed. App'x at 431 (finding plaintiff had not shown how litigating in Mexico would "deprive" it of
15   its day in court where it had not attempted to subject defendant to service of process).  The parties
16   here "consent[ed] to the personal jurisdiction and venue" of the courts of London, England, one of
17   the largest and most accessible cities in the world.  *See generally White Knight Yacht, LLC v.*
18   *Certain Lloyds at Lloyd's London*, *et al.*, 407 F. Supp. 3d 931, 948-49 (S.D. Cal. 2019) (in
19   analyzing public interest factors, enforcing forum selection clause in favor of England and Wales,
20   including because the relevant agreement had a provision requiring the application of the laws of
21   England and Wales to any dispute).  There is no reasonable basis to argue that Cancomm and
22   Dialogue México will be deprived of their rights if they are forced to abide by their contractually-
23   chosen venue.

24       Third, there is no reason to believe that an alleged breach of contract claim as asserted here,
25   pertaining to purported non-payment for services, would "contravene a strong public policy" in
26   California.  Rather, California public policy favors enforcing a contract's forum selection clause.
27   *See Becker v. U.S. Dist. Ct.*, 993 F.3d 731, 733 (9th Cir. 2021) (affirming dismissal of claims based
28   on valid forum selection clause, and noting that forum selection clauses are "valid except in the

1    rarest cases"); *Fraser v. Brightstar Franchising LLC*, No. 16-cv-01966-JSC, 2016 U.S. Dist.
2    LEXIS 107900, at *16 (N.D. Cal. Aug. 15, 2016) (transferring case to forum listed in forum
3    selection clause because "'the interest of justice' is best served by giving effect to the parties'
4    bargain").

5        Furthermore, addressing the "public interests traditionally evaluated in a *forum non*
6    *conveniens* analysis, including the administrative difficulties flowing from court congestion, the
7    local interest in having a localized controversy decided at home; and the interest in having the trial
8    of a diversity case in a forum that is at home with the law," do not change this result. *Rostami*,
9    2023 U.S. Dist. LEXIS 54320, at *18. Public interest factors "will rarely defeat" a motion to
10   enforce a forum selection clause. *Atlantic Marine*, 571 U.S. at 64; *Sun*, 901 F.3d at 1088. The
11   first factor does not impact this analysis. The relative congestion of the courts in the Northern
12   District of California and the courts in London, England is not especially important, *Rostami*, 2023
13   U.S. Dist. LEXIS 54320, at *26, and it is likely that both forums are busy given population size.

14       The second factor also does not impact this analysis. Local interest in the litigation exists in
15   both California, where Twitter has its principal place of business, and in London, where Twitter
16   International (now Twitter International Unlimited Company) has its lawyers for UK matters and
17   where it contracts under English law, and is in any event, near Dublin where Twitter International,
18   has its principal place of business.

19       The third factor also weighs in favor of London. The litigation would be "at home with the
20   law" in London, because the agreement at-issue has a choice of law provision that indicates that
21   the law of England and Wales governs. *See* Ex. 1 (MSA), at Sec. 12.9; *see White Knight Yacht,*
22   *LLC*, 407 F. Supp. 3d at 948-49 (relevant agreement had a provision requiring the application of
23   the laws of England and Wales to any dispute). To adjudicate this dispute, the parties' U.S. lawyers
24   would need to brief, and the Court would need to apply and interpret English law, which the courts
25   in London, England will be intimately more familiar with. Enforcing the valid forum selection
26   clause is therefore appropriate.

27
28

**F.      CONCLUSION**

Cancomm and Dialogue México have brought their respective claims in contravention with the plain terms of the MSA, and it would be futile to further amend the Amended Complaint. The forum selection clause is valid, and it must be enforced. For these reasons, as set forth above, Twitter respectfully requests that the Court dismiss Cancomm's and Dialogue México's claims for *forum non conveniens*, without leave to amend.

Respectfully submitted,

Dated:   July 14, 2023                                      WHITE & CASE LLP

By:   */s/ J. Jonathan Hawk*

J. Jonathan Hawk (SBN 254350)
WHITE & CASE LLP
555 South Flower St. Suite 2700
Los Angeles, CA 90071-2433
Telephone: (213) 620-7741
jhawk@whitecase.com

Attorneys for X Corp., successor in interest to named defendant Twitter, Inc.