SHANNON LISS-RIORDAN (SBN 310719)
(sliss@llrlaw.com)
JANE FARRELL (SBN 333779)
(jfarrell@llrlaw.com)
LICHTEN & LISS-RIORDAN, P.C.
729 Boylston Street, Suite 2000
Boston, MA 02116
Telephone:     (617) 994-5800
Facsimile:      (617) 994-5801

*Attorneys for Plaintiffs White Coat
Captioning, LLC, YES Consulting, LLC,
Cancomm LLC, Dialogue Mèxico S.A.
de C.V., Autumn Communications, Inc.,
and Business Training Works, Inc. on
behalf of themselves and all others
similarly situated*

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
## SAN FRANCISCO DIVISION

| | |
|---|---|
| WHITE COAT CAPTIONING, LLC, YES CONSULTING, LLC, CANCOMM LLC (DBA DIALOGUE INC.), DIALOGUE MÉXICO S.A. DE C.V., AUTUMN COMMUNICATIONS, INC., AND BUSINESS TRAINING WORKS, INC. on behalf of themselves and all others similarly situated,<br><br>              Plaintiffs,<br><br>      v.<br><br>TWITTER, INC.<br><br>              Defendant. | Case No. 3:23-cv-01594<br><br>**PLAINTIFFS' OPPOSITION TO DEFENDANT'S MOTION TO STRIKE CLASS ALLEGATIONS**<br><br>Hrg: September 11, 2023<br>Time: 9:30 a.m.<br>Ctrm: C – 15th Floor<br>Judge: Honorable Sallie Kim |

**TABLE OF CONTENTS**

I.      INTRODUCTION ........................................................................................... 1

II.     FACTUAL AND PROCEDURAL BACKGROUND ...................................... 1

III.    ARGUMENT ................................................................................................. 2

        A.      Legal Standard for Motion to Dismiss Under Rule 12(f). .................... 2

        B.      Courts in this District Have Found Motions to Strike Class
                Allegations Impermissible Under Binding Ninth Circuit Precedent. .. 3

        C.      The First Amended Complaint Addresses All of Rule 23's
                Requirements. ...................................................................................... 5

        D.      The Proposed Class Is Not an Impermissible Fail-Safe Class ............ 6

        E.      Even if the Proposed Class Were a Fail-Safe Class, the Court
                Should Deny Twitter's 12(f) Motion to Strike. ................................ 10

IV.     CONCLUSION ........................................................................................... 11

1
2

# TABLE OF AUTHORITIES

3

**Cases**

4
5
*Ahmed v. HSBC Bank USA, Nat'l Ass'n*
    No. 152057, 2017 WL 5765734 (C.D. Cal. Nov. 6, 2017)............................................. 10

6
7
*Astiana v. Ben & Jerry's Homemade, Inc.*
    2011 WL 2111796 (N.D.Cal. May 26, 2011) ..................................................................... 4

8
*Briseno v. ConAgra Foods, Inc.*
    844 F.3d 1121 (9th Cir. 2017) ......................................................................................... 11

9
10
*California Dep't of Toxic Substances Control v. Alco Pac., Inc.*
    217 F. Supp. 2d 1028 (C.D. Cal. 2002) ............................................................................ 3

11
12
*Clark v. State Farm Mut. Auto. Ins. Co.*
    231 F.R.D. 405 (C.D. Cal. 2005)...................................................................................... 6

13
*Clerkin v. MyLife.Com*
    2011 WL 3809912 (N.D.Cal. Aug. 29, 2011) .................................................................. 4

14
15
*Forbush v. J.C. Penney Co.*
    994 F.2d 1101 (5th Cir.1993) ........................................................................................... 9

16
17
*Goodrich v. Cross River Bank*
    No. 21-09296, 2022 WL 2954933 (N.D. Cal. July 26, 2022) ...................................... 4, 5

18
19
*Greenfield v. Cross River Bank*
    2023 WL 187495 (N.D. Cal. Jan. 13, 2023)..................................................................... 7

20
*Greenfield v. Cross River Bank*
    No. 21-09296, 2022 WL 3370773 (N.D. Cal. Aug. 16, 2022) ..................................... 5, 7

21
22
23
*Heffelfinger v. Elec. Data Sys. Corp.*
    No. 07-00101, 2008 WL 8128621 (C.D. Cal. Jan. 7, 2008), *aff'd and remanded*, 492 F. App'x 710 (9th Cir. 2012) ................................................................. 11

24
*In re AutoZone, Inc., Wage & Hour Emp. Pracs. Litig.*
    289 F.R.D. 526 (N.D. Cal. 2012), *aff'd*, 789 F. App'x 9 (9th Cir. 2019)........................ 11

25
26
*Kamar v. Radioshack*
    375 F. App'x 734 (9th Cir. 2010)............................................................................. 8, 9, 10

27
28

*Kamm v. California City Development Co.*
509 F.2d 205 (9th Cir. 1975) ........................................................ 5

*Mantolete v. Bolger*
767 F.2d 1416 (9th Cir. 1985) ...................................................... 5

*Mattson v. New Penn Fin., LLC*
No. 18- 00990, 2018 WL 6735088 (D. Or. Nov. 6, 2018), No. 18-00990,
2019 WL 123870 (D. Or. Jan. 4, 2019) ................................... 8, 10

*Ogala v. Chevron Corp.*
No. 14-173, 2014 WL 4145408  (N.D. Cal. Aug. 21, 2014) ........... 3, 6

*Olney v. Job.com, Inc.*
No. 12-01724, 2013 WL 5476813 (E.D. Cal. Sept. 30, 2013) ....... 3, 11

*Panacci v. A1 Solar Power, Inc.*
2015 WL 3750112 (N.D. Cal. 2015) ............................................ 10

*Rosales v. FitFlop USA, LLC*
882 F. Supp. 2d 1168 (S.D. Cal. 2012) ........................................ 6

*Ruiz Torres v. Mercer Canyons, Inc.*
835 F.3d 1125 (9th Cir. 2016) ................................................... 6

*Salaiz v. eHealthInsurance Servs., Inc.*
No. 22-CV-04835-BLF, 2023 WL 2622138 (N.D. Cal. Mar. 22, 2023) ............... 3, 6

*Slovin v. Sunrun*, Inc.
No. 15-05340, 2016 WL 5930631 (N.D. Cal. Oct. 12, 2016) ......... 10

*Stokes v. CitiMortgage, Inc.*
No. 14-00278, 2015 WL 709201 (C.D. Cal. Jan. 16, 2015) ............ 4

*Swift v. Zynga Game Network, Inc.*
09-05443, 2010 WL 4569889 (N.D.Cal. Nov. 3, 2010) ................. 4

*Tasion Commc'ns, Inc. v. Ubiquiti Networks, Inc.*
No. 13-1803, 2014 WL 1048710 (N.D. Cal. Mar. 14, 2014) ......... 3, 4

*Taylor v. Populus Grp., LLC*
No. 20-0473, 2020 WL 6131727  (S.D. Cal. Oct. 19, 2020) .......... 10

*Tinnin v. Sutter Valley Med. Found.*
No. 22-00482, 2022 WL 17968628 (E.D. Cal. Dec. 27, 2022) ....... 11

PLAINTIFFS' OPPOSITION TO MOTION TO STRIKE CLASS ALLEGATIONS

*Vizcaino v. United States Dist. Ct. for W.D. Wash.*
    173 F.3d 713 (9th Cir.1999) ................................................ 9

*Waterbury v. A1 Solar Power Inc.*
    No. 15-2374, 2016 WL 3166910 (S.D. Cal. June 7, 2016) ......................................... 6, 10

*Whittlestone, Inc. v. Handi-Craft Co.*
    618 F.3d 970 (9th Cir.2010) .................................................. 3, 4, 5

**Rules**

FRCP 12(f)................................................................................. passim

FRCP 23..................................................................................... passim

## I.  INTRODUCTION

This case was brought by White Coat Captioning, LLC, YES Consulting, LLC, Cancomm LLC (dba Dialogue Inc.), and Dialogue Mèxico S.A. de C.V. (collectively, "Plaintiffs"), on behalf of vendors and contractors who contracted with Defendant Twitter, Inc. to provide goods or services and have not been paid for goods provided or services rendered in the wake of the purchase of the company by multi-billionaire Elon Musk.  *See* Compl., ECF No. 1.[1]  Autumn Communications, Inc. and Business Training Works, Inc. joined as Plaintiffs in early July 2023.  *See* First Amended Complaint ("FAC"), ECF No. 17.  The only claim Plaintiffs assert is breach of contract.

Twitter has moved to strike Plaintiffs' class allegations under Rule 12(f), arguing it is an impermissible fail-safe class and that the amended complaint does not address all of Rule 23's requirements.  *See* Mot. to Strike Class Allegations in FAC, ECF No. 21.  In doing so, Twitter distorts Rule 12(f) and misconstrues both pleading requirements in federal court and Plaintiffs' proposed class.

## II.  FACTUAL AND PROCEDURAL BACKGROUND

Plaintiffs filed this class action lawsuit on April 4, 2023, asserting one claim for breach of contract.  *See* Compl.  On June 16, 2023, Twitter moved to strike Plaintiffs' class allegations, arguing the class constituted an impermissible fail-safe class and the Complaint did not address Rule 23's requirements.  *See* Mot. to Strike Class Allegations in Compl., ECF No. 15.  Shortly thereafter, Plaintiffs filed a First Amended Complaint, which included additional named plaintiffs.  *See generally* FAC.  Plaintiffs also revised the Complaint in response to Twitter's

---

[1]     X Corp. is the successor in interest to named defendant Twitter, Inc.

PLAINTIFFS' OPPOSITION TO MOTION TO STRIKE CLASS ALLEGATIONS

pending motion to strike.[2]  The FAC mooted Twitter's pending motion.  *See* Not. of Filing FAC Mooting Def.'s Mot. to Dismiss and Mot. to Strike, ECF No. 18.  On July 14, Twitter filed a Motion to Strike nearly identical to its first, which Plaintiffs oppose here. *See* Mot. to Strike Class Allegations in FAC.

As Plaintiffs allege, Elon Musk purchased Twitter in late October 2022 and slashed spending, in part by stopping payment to vendors for services rendered.  Compl. ¶ 2.  Indeed, more than two dozen vendors, contractors, and property owners with whom Twitter holds leases across the country have already sued Twitter individually for breach of contract.  *Id.*  According to news reports, in response to concerns about not paying vendors who provided services to or performed work for Twitter, Musk told Twitter employees, repeatedly, to "let them sue".  *Id.* ¶ 3. Plaintiffs are vendors and contractors who executed contracts for goods or services governed by Twitter's Master Services Agreement or Independent Contractor Agreement in the United States. *Id.* ¶¶ 21–58.  Plaintiffs are small businesses who have provided services for which they have not received payment.  *Id.*  Notably, Twitter approved most of the overdue invoices Plaintiffs submitted to Twitter via the company's website for tracking and paying its suppliers.  *Id.* ¶¶ 4–8. Still, Twitter has yet to issue payment.  *Id.*  Plaintiffs are each owed between $30,000 and $140,000 dollars.  *Id.* ¶¶ 31, 38, 44, 51 & 58.  Plaintiffs do not have the resources, time, or money to litigate these claims in individual lawsuits.  *Id.* ¶ 60.

## III.  ARGUMENT

### A.  Legal Standard for Motion to Dismiss Under Rule 12(f).

Federal Rule of Civil Procedure 12(f) permits the Court to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."  The function of a Rule 12(f) motion is "to avoid the expenditure of time and money that must arise

---

[2]    By revising their Complaint, Plaintiffs are not conceding the original Complaint was deficient or inadequate.

PLAINTIFFS' OPPOSITION TO MOTION TO STRIKE CLASS ALLEGATIONS

from litigating spurious issues by dispensing with those issues prior to trial." *Whittlestone, Inc. v. Handi-Craft Co.*, 618 F.3d 970, 973 (9th Cir.2010).  "Motions to strike are generally regarded with disfavor because of the limited importance of pleading in federal practice, and because they are often used as a delaying tactic." *California Dep't of Toxic Substances Control v. Alco Pac., Inc.*, 217 F. Supp. 2d 1028, 1033 (C.D. Cal. 2002).

Motions to strike class action allegations are especially disfavored—and often disallowed— because "a motion for class certification is a more appropriate vehicle for arguments pertaining to class allegations." *Olney v. Job.com, Inc.*, No. 12-01724, 2013 WL 5476813, at *3 (E.D. Cal. Sept. 30, 2013).  Indeed, and as Twitter acknowledges, courts in this District disagree on whether they "may" even *consider* such motions at this stage.  *See* Mot. to Strike Class Allegations in FAC at 9 (citing *Salaiz v. eHealthInsurance Servs., Inc.*, No. 22-CV-04835-BLF, 2023 WL 2622138, at *5 (N.D. Cal. Mar. 22, 2023) (citing *Ogala v. Chevron Corp.*, No. 14-173, 2014 WL 4145408, at *2 (N.D. Cal. Aug. 21, 2014) (collecting cases))).  Finally, if a court does consider a motion to strike class allegations at the pleading stage, it will only grant the motion under "rare circumstances" where "the complaint demonstrates that a class action cannot be maintained on the facts alleged." *Tasion Commc'ns, Inc. v. Ubiquiti Networks, Inc.*, No. 13-1803, 2014 WL 1048710, at *3 (N.D. Cal. Mar. 14, 2014) (citation omitted).

### B.   Courts in this District Have Found Motions to Strike Class Allegations Impermissible Under Binding Ninth Circuit Precedent.

In *Whittlestone, Inc.*, the Ninth Circuit "limited motions to strike to certain issues not including class action allegations." *Ogola*, 2014 WL 4145408, at *2 (citing *Whittlestone, Inc.*, 618 F.3d at 973).  The Court reasoned that were it "to read Rule 12(f) in a manner that allowed litigants to use it as a means to dismiss some or all of a pleading . . . [it] would be creating redundancies within the Federal Rules of Civil Procedure . . . ." *Whittlestone, Inc.*, 618 F.3d at 974.  Numerous courts in this District have properly read *Whittlestone, Inc.* to disallow Rule

12(f) motions to strike class allegations, because determining whether to certify a class is better suited for a Rule 23 motion. *See, e.g., Astiana v. Ben & Jerry's Homemade, Inc.*, 2011 WL 2111796, at *13–14 (N.D.Cal. May 26, 2011) ("[S]uch a motion appears to allow a determination of the suitability of proceeding as a class action without actually considering a motion for class certification."); *Swift v. Zynga Game Network, Inc.*, 09-05443, 2010 WL 4569889, at *10 (N.D.Cal. Nov. 3, 2010) (denying motion to strike class action allegations based on *Whittlestone, Inc.*); *Tasion Commc'ns, Inc. v. Ubiquiti Networks, Inc.*, 13-1803 EMC, 2014 WL 1048710, at *3-4 (N.D.Cal. Mar. 14, 2014) (same); *see also Clerkin v. MyLife.Com,* 2011 WL 3809912, at *3 (N.D.Cal. Aug. 29, 2011) (observing alternative to Rule 12(f) motion to strike class allegations is Rule 23 motion).

Twitter cites two cases to support its argument that "Rule 12(f) provides a court with the authority to . . . strike class allegations at the pleading stage . . . ." *See* Mot. to Strike Class Allegations in FAC at 9. However, both cases are inapposite and neither address *Whittlestone*. In *Stokes v. CitiMortgage, Inc.*, the trial court granted defendant's motion to strike class allegations because persuasive authority for interpreting the requirements of California's mortgage servicing laws made it clear that "the very nature of the claims" plaintiffs pursued "require[d] inquiries into each individual [p]laintiff's interactions with [d]efendant". *Stokes v. CitiMortgage, Inc.*, No. 14-00278, 2015 WL 709201, at *10 (C.D. Cal. Jan. 16, 2015) (unpublished). *Stokes* is unpublished and did not address a motion to strike a fail-safe class. Also, the *Stokes* court conceded that "ordinarily, Rule 23 is the better vehicle to test the propriety of class certification." *Id.* at *4 (internal quotations and citations omitted). The court did not cite a single Ninth Circuit case to support its subsequent caveat that "Nevertheless, where the matter is sufficiently obvious from the pleadings, a court may strike class allegations without first permitting class discovery." *Id.* (internal quotations and citations omitted).

In *Goodrich v. Cross River Bank*, the trial court granted a motion to strike class allegations with leave to amend where plaintiff argued that "discovery may show there is a need

4
PLAINTIFFS' OPPOSITION TO MOTION TO STRIKE CLASS ALLEGATIONS

for individualized inquiry," but did not "show a probability that the discovery requested will result in eliminating the need to conduct an individualized inquiry into each putative class member's application." *Goodrich v. Cross River Bank*, No. 21-09296, 2022 WL 2954933, at *2 (N.D. Cal. July 26, 2022), *opinion clarified sub nom. Greenfield v. Cross River Bank*, No. 21-09296, 2022 WL 3370773 (N.D. Cal. Aug. 16, 2022).  In an aside, the *Goodrich* court observed that if the proposed class were "limited to persons who submitted complete applications," this "would appear to create" a fail-safe class.  *Id.* at *3.  The court did not strike the class allegations *because* the class was fail-safe.  Further, the two Ninth Circuit cases the court cites to support its statement that "District courts have authority to strike class allegations at the pleading stage where the class as defined in the complaint cannot be certified," *id.* at *1, were decided in 1975 and 1985, well before the Ninth Circuit's 2010 decision in *Whittlestone, Inc.  See Kamm v. California City Development Co.*, 509 F.2d 205, 207 n.3, 212-13 (9th Cir. 1975); *Mantolete v. Bolger*, 767 F.2d 1416, 1425 (9th Cir. 1985).

The Ninth Circuit's decision in *Whittlestone, Inc.* is binding.  This Court should follow other courts in this District who have found that *Whittlestone, Inc.* held Rule 12(f) motions to strike are not the proper vehicle for seeking dismissal of class actions.  Accordingly, this Court should deny Twitter's Motion to Strike Class Allegations for this reason alone.

### C. The First Amended Complaint Addresses All of Rule 23's Requirements.

Twitter offers a meager handful of conclusory statements to support its argument that Plaintiffs have not addressed Rule 23's requirements.  Twitter is wrong, as Plaintiffs have far exceeded even the minimum pleading requirements of a class action complaint.  Indeed, it is telling that Twitter does not cite a *single case* where a court granted a Rule 12(f) motion to strike where plaintiffs alleged Rule 23's requirements with *less* specificity than Plaintiffs here.  The two cases Twitter cites in this part of its motion do not buttress its argument; rather, they simply state that allegations must address each of the elements of Rule 23.  *See Clark v. State Farm Mut.*

*Auto. Ins. Co.*, 231 F.R.D. 405, 407 (C.D. Cal. 2005) (conclusory class action allegations sufficient to survive motion to strike); *Rosales v. FitFlop USA, LLC*, 882 F. Supp. 2d 1168, 1179 (S.D. Cal. 2012) (motion to strike class allegations is premature).  Plaintiffs have done this in their amended complaint. *See, e.g.,* FAC ¶¶ 59–60 (addressing numerosity); *id.* ¶ 60 (addressing commonality); *id.* ¶ 60, 62 (addressing typicality); *id.* ¶ 62 (addressing adequacy).

 Furthermore, as noted above, courts considering Rule 12(f) motions to strike class allegations "have applied a very strict standard to motions to strike class allegations on the pleadings." *Salaiz*, 2023 WL 2622138, at *5 (quoting *Ogala*, 2014 WL 4145408, at *2).  "Only if the court is convinced that any questions of law are clear and not in dispute, and that under *no set of circumstances* could the claim or defense succeed may the allegations be stricken."  *Id.* (internal quotation marks and citation omitted) (emphasis added).  This stringent standard also explains why Twitter cannot cite a case where a court granted a Rule 12(f) motion to strike class allegations because plaintiffs' Rule 23 allegations were threadbare or inadequate.

### D.  The Proposed Class Is Not an Impermissible Fail-Safe Class

 A fail-safe class is one "defined so narrowly as to preclude membership unless the liability of the defendant is established." *See Ruiz Torres v. Mercer Canyons, Inc.*, 835 F.3d 1125, 1138 n.7 (9th Cir. 2016) (internal quotation, citation, and alteration omitted).  For example, a fail-safe class might include anyone who purchased products from defendants that were "falsely advertised" as discounted.  *Waterbury v. A1 Solar Power Inc.*, No. 15-2374, 2016 WL 3166910, at *5 (S.D. Cal. June 7, 2016) (rejecting argument plaintiffs use failsafe class definitions because the court can determine membership in the putative classes using objective criteria, in contrast with class definition using the term "falsely advertised").  "Falsely" is a subjective term and it would be impossible for the court to determine class membership using objective criteria.  *Id.*

 Plaintiffs here propose "a class of Twitter vendors and contractors who signed Statements of Work and/or entered into contracts for goods or services governed by Twitter's Master

Services Agreement or Independent Contractor Agreement anywhere in the United States and have not received payment for the goods or services provided under the terms of their contracts." FAC at 11.  Twitter argues this class definition is akin to the class definition the court struck with leave to amend in *Greenfield v. Cross River Bank*, 2023 WL 187495, at *4 (N.D. Cal. Jan. 13, 2023), after finding it was a fail-safe class.  However, this case is easily distinguished from *Greenfield*.

In *Greenfield*, plaintiff alleged she submitted an application for a loan from defendant and received a message stating, "Application Complete!"  *Id.* at *3.  Defendant later informed her that her application was denied because she did not provide sufficient information.  *Id.* Plaintiff alleged she was discriminated against in violation of the Equal Credit Opportunities Act (ECOA), because she was told her application was "complete," her application was then denied, and the ECOA regulations entitle her to accurate reasons why her application was denied.  *Id.* Plaintiff alleged putative classes consisting of persons "who, in 2021, completed a loan application."  *Id.* The relevant regulations defined "completed application" as "an application in connection with which the creditor has received all the information that the creditor regularly obtains and considers in evaluating applications for the amount and type of credit requested".  *Id.* at *4.  Thus, the court found plaintiff used "completed" as "a conclusion that [defendant] received all material necessary to make a credit decision, i.e., her use of the word defines the class in a manner that limits membership to those who will prevail."  *Id.* at 4.  The court approved of plaintiff's proposal to substitute "submitted" for "completed".  *Id.*

Twitter argues here that Plaintiffs' use of the phrases "have not received payment . . . under the terms of their contracts" here is akin to the use of the term "completed" in *Greenfield*. Mot. to Strike Class Allegations in FAC at 11–12.  But Plaintiffs do not define their class using subjective terms or language defined in, for example, a regulation or law that would assign liability.  Rather, Plaintiffs anticipate discovery will show Twitter maintained a database listing all approved but unpaid invoices.  Because Plaintiffs' class might be objectively determined from

7

PLAINTIFFS' OPPOSITION TO MOTION TO STRIKE CLASS ALLEGATIONS

the evidence, rather than through legal analysis regarding each individual plaintiff, at this "early phased in litigation" it is premature to deem the class fail-safe.  *See, e.g., Mattson v. New Penn Fin., LLC*, No. 18- 00990, 2018 WL 6735088, at *4 (D. Or. Nov. 6, 2018), *report and recommendation adopted,* No. 18-00990, 2019 WL 123870 (D. Or. Jan. 4, 2019) (rejecting motion to strike fail-safe class and concluding that "[a]t this early phase in the litigation, prior to discovery, it is unclear whether a determination of consent involves a legal analysis regarding each individual or can be objectively determined from the evidence.).  As explained below, *see infra* at II.E, Plaintiffs will also be able to refine the class definition later in the litigation.

Plaintiffs' definition is also akin to that certified in *Kamar*.  *See Kamar v. Radioshack*, 375 F. App'x 734, 736 (9th Cir. 2010). In *Kamar*, the Ninth Circuit rejected defendant's argument that plaintiffs' certified class was fail-safe.  *Id.* The district court certified a class of "All California employees of defendant paid on an hourly basis as nonexempt employees for the period of March 2003 to the present who (a) were instructed to and attended a Saturday store meeting or district office meeting without receiving the full amount of mandated premium pay, or (b) worked a split shift schedule without receiving the full amount of mandated premium pay, or (c) fit into both (a) and (b)." *Id.* at 735.  The Ninth Circuit found that designation was "a way of narrowing the class to employees within the reporting time and split-shift classifications, without actually distinguishing between those who may and those who may not ultimately turn out to be entitled to premium pay." *Id.* at 736.  The court continued, "So construed, the class action remains manageable because the definition is not a circular one that determines the scope of the class only once it is decided that a class member was actually wronged." *Id.* If "a class member was not legally wronged, [defendant] will be protected against liability to that person" and if the definition "means that the class may include all, or almost all, retail employees in California, that itself is not fatal." *Id.*

The same is true here, where Plaintiffs have narrowed the potential class by adding the clause "and have not received payment . . . under the terms of their contracts." FAC at 11.  If

8

and when this Court certifies the proposed class, Twitter can easily provide the contact information for all "vendors and contractors who signed Statements of Work and/or entered into contracts for goods or services governed by Twitter's Master Services Agreement or Independent Contractor Agreement anywhere in the United States," and Plaintiffs will notify these people that they are members of the class if they "have not received payment for the goods or services provided under the terms of their contracts." *Id*.  Twitter will be protected from liability if a class member was not wronged.  Indeed, crediting Twitter's argument would mean the class in *Kamar*, which included "[a]ll California employees . . . who . . . were instructed to and [did work] without receiving the full amount of mandated premium pay . . . ." was a fail-safe class. *See Kamar*, 375 F. App'x at 735.  The Ninth Circuit expressly rejected that argument.[3]

The Ninth Circuit has also rejected the argument that defining members of a putative class using a legal conclusion that is essential to an ultimate finding of liability is impermissible. *See Vizcaino v. United States Dist. Ct. for W.D. Wash.*, 173 F.3d 713 (9th Cir.1999) (approving of a class of "common law" employees where liability turned on the employment status of plaintiffs).  In *Vizcaino*, the Ninth Circuit cited with approval the Fifth Circuit's holding in *Forbush v. J.C. Penney Co.*, 994 F.2d 1101 (5th Cir.1993), which noted that such arguments are "meritless and, if accepted, would preclude certification of just about any class of persons alleging injury from a particular action." *Id.*  The Ninth Circuit concluded, "Defining a class of employees as linked by their common claim to have been denied benefits to which they were entitled as common law employees is no more circular than defining a class of employees by their common claim to have been injured by their employer's unlawful actions." *Id.* at 722.

---

[3]     To be sure, if Twitter wishes Plaintiffs to define the class *more* broadly and remove the clause narrowing the class ("and have not received payment . . . under the terms of their contracts."), Plaintiffs do not object.

PLAINTIFFS' OPPOSITION TO MOTION TO STRIKE CLASS ALLEGATIONS

District courts in this Circuit have come to the same conclusion.  *See, e.g., Waterbury*, 2016 WL 3166910, at *5; *Panacci v. A1 Solar Power, Inc.*, 2015 WL 3750112, *8 (N.D. Cal. 2015) ("to determine whether someone is in the class, one simply needs to answer questions such as whether the person is on a [do not call] registry or whether the person received a certain number of phone calls from Defendants within a certain timeframe"); *Mattson*, 2018 WL 6735088, at *4; *see also Ahmed v. HSBC Bank USA, Nat'l Ass'n*, No. 152057, 2017 WL 5765734, at *2 (C.D. Cal. Nov. 6, 2017) (rejecting argument plaintiffs' proposed class is fail-safe, where class was defined to include anyone defendant called on their cellphones using an automatic telephone dialing system, which defendant argued would require the court to have mini-hearings on the merits of each case); *Slovin v. Sunrun*, Inc., No. 15-05340, 2016 WL 5930631 (N.D. Cal. Oct. 12, 2016) (same and collecting cases).

### E.     Even if the Proposed Class Were a Fail-Safe Class, the Court Should Deny Twitter's 12(f) Motion to Strike.

A fail-safe class poses a problem of manageability and ascertainability, as it is unclear, "for example, to whom class notice be sent." *Kamar v. RadioShack Corp.*, 375 F. App'x 734, 736 (9th Cir.2010) (observing a fail-safe class is "when the class itself is defined in a way that precludes membership unless the liability of the defendant is established" and affirming certification of class designation).

Even accepting, *arguendo*, that Plaintiffs' class is fail-safe, courts seldom grant motions to strike fail-safe class allegations.  *See Taylor v. Populus Grp., LLC*, No. 20-0473, 2020 WL 6131727, at *3 (S.D. Cal. Oct. 19, 2020) (declining to strike class allegations because whether a class is "fail-safe" need not be addressed before class certifications," especially given "developing law on ascertainability and fail-safe classes"); *see also Waterbury*, 2016 WL 3166910, at *5 (declining to strike class definition because it was not obviously fail-safe and because courts "rarely strike class allegations at the pleading stage").  Indeed, "in the Ninth

Circuit, it is not necessary to . . . strike class allegations . . . simply because the initially proposed class is a 'fail safe' class.  Rather, the proposed class may be redefined to avoid ascertainability problems."  *Olney*, No. 12-01724, 2013 WL 5476813, at *11 (citing *In re AutoZone, Inc., Wage & Hour Emp. Pracs. Litig.*, 289 F.R.D. 526, 546 (N.D. Cal. 2012), *aff'd*, 789 F. App'x 9 (9th Cir. 2019).

Tellingly, Courts in this Circuit may decline to strike fail-safe classes *even at the certification stage* because "it is not clear that the Ninth Circuit forbids fail-safe classes." *In re AutoZone, Inc., Wage & Hour Employment Practices Litig.,* 289 F.R.D. 526 at 546 (declining to deny certification of a fail-safe class); *see also Heffelfinger v. Elec. Data Sys. Corp., No. 07-00101*, 2008 WL 8128621, at *10 (C.D. Cal. Jan. 7, 2008), *aff'd and remanded*, 492 F. App'x 710 (9th Cir. 2012) (noting that the Ninth Circuit quoted with approval a Fifth Circuit opinion holding that membership in a class can be defined in terms of the success of class members' legal claims).  This is in part because what makes a class ascertainable is not established in the Ninth Circuit.  *Briseno v. ConAgra Foods, Inc.*, 844 F.3d 1121, 1124 n.3 (9th Cir. 2017).

As discussed above, *see supra* at II.B, the cases Twitter cites to support its argument that a "Rule 12(f) provides a court with the authority to . . . strike class allegations at the pleading stage . . . ." are inapposite and do not address motions to strike a fail-safe class.  The weight of authority in this Circuit makes it clear that "the procedural mechanism of a motion to strike is not the appropriate means for addressing a fail-safe problem" because "district courts retain discretion to redefine the class to avoid the fail-safe problem during the class certification process."  *See Tinnin v. Sutter Valley Med. Found.*, No. 22-00482, 2022 WL 17968628, at *8 (E.D. Cal. Dec. 27, 2022) (collecting cases).

## IV.  CONCLUSION

For the foregoing reasons, the Court should deny Twitter's Motion to Strike the Class Allegations in the FAC.  Plaintiffs have sufficiently pled a claim of breach of contract following

Elon Musk's purchase of Twitter, the class is not a fail-safe class, and, even if it is, the allegations should not be stricken.  Any challenges to the certifiability of the potential class are better left to a Rule 23 motion (when Plaintiffs may be able to define the class with more or different precision).

Respectfully submitted,

WHITE COAT CAPTIONING, LLC, ET AL,
on behalf of themselves and all others similarly
situated,

By their attorneys,

  /s/ Shannon Liss-Riordan
Shannon Liss-Riordan, SBN 310719
Jane Farrell, SBN 333779.
LICHTEN & LISS-RIORDAN, P.C.
729 Boylston Street, Suite 2000
Boston, MA 02116
(617) 994-5800
Email:  sliss@llrlaw.com

Dated: July 28, 2023

## CERTIFICATE OF SERVICE

I hereby certify that on July 28, 2023, a copy of this document was served by electronic filing on all counsel of record.

/s/ Shannon Liss-Riordan
Shannon Liss-Riordan, Esq.

PLAINTIFFS' OPPOSITION TO MOTION TO STRIKE CLASS ALLEGATIONS