SHANNON LISS-RIORDAN (SBN 310719)
(sliss@llrlaw.com)
JANE FARRELL (SBN 333779)
(jfarrell@llrlaw.com)
LICHTEN & LISS-RIORDAN, P.C.
729 Boylston Street, Suite 2000
Boston, MA 02116
Telephone:     (617) 994-5800
Facsimile:      (617) 994-5801

*Attorneys for Plaintiffs White Coat Captioning, LLC, YES Consulting, LLC, Cancomm LLC, Dialogue Mèxico S.A. de C.V., Autumn Communications, Inc., and Business Training Works, Inc. on behalf of themselves and all others similarly situated*

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
## SAN FRANCISCO DIVISION

| | |
|---|---|
| WHITE COAT CAPTIONING, LLC, YES CONSULTING, LLC, CANCOMM LLC (DBA DIALOGUE INC.), DIALOGUE MÉXICO S.A. DE C.V., AUTUMN COMMUNICATIONS, INC., AND BUSINESS TRAINING WORKS, INC. on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>TWITTER, INC.<br><br>Defendant. | Case No. 3:23-cv-01594<br><br>**PLAINTIFFS' OPPOSITION TO DEFENDANT'S MOTION TO DISMISS CANCOMM LLC (DBA DIALOGUE INC.) AND DIALOGUE MEXICO S.A. DE C.V. FOR FORUM NON CONVENIENS**<br><br>Hrg: September 11, 2023<br>Time: 9:30 a.m.<br>Ctrm: C – 15th Floor<br>Judge: Honorable Sallie Kim |

**TABLE OF CONTENTS**

I.      INTRODUCTION ................................................................................................ 1

II.     FACTUAL AND PROCEDURAL BACKGROUND ....................................... 2

III.    ARGUMENT ...................................................................................................... 5

        a) The Forum Selection Clauses in the MSAs Are Void. ................................. 5

        b) This Court Should Deny Twitter's Motion to Dismiss for Forum Non

            Conveniens................................................................................................... 7

IV.     CONCLUSION.................................................................................................. 10

i

1

**TABLE OF AUTHORITIES**

2

**Cases**

3

*Bremen v. Zapata Off–Shore Co.*

4

   407 U.S. 1, 17 (1972) ................................................................................................ 8

5

*Doe 1 v. AOL LLC*

6

   552 F.3d 1077 (9th Cir. 2009) .............................................................................. 9

7

*Harris v. Klure*

8

   23 Cal.Rptr. 313 (Cal.Ct.App.1962) ................................................................... 5

9

*Lueck v. Sundstrand Corp.*

   236 F.3d 1137 (9th Cir. 2001) .............................................................................. 9

10

*Oestreicher v. Alienware Corp.*

11

   502 F. Supp. 2d 1061 (N.D. Cal. 2007), *aff'd,* 322 F. App'x 489 (9th Cir. 2009) ..................... 9

12

*Sanchez v. Valencia Holding Co., LLC*

13

   61 Cal.4th 899 (Cal. 2005) ................................................................................... 6

14

*Steven v. Fid. & Cas. Co. of New York*

15

   58 Cal. 2d 862 (1962) ........................................................................................... 6

16

*Sun v. Advanced China Healthcare, Inc.*

17

   901 F.3d 1081 (9th Cir. 2018) .............................................................................. 7

18

**Statutes**

19

Cal. Civ. Code § 1636 ................................................................................................ 5

20

**Other Authorities**

21

"Twitter shut down 2 of its 3 offices in India . . ."

22

   BUSINESS INSIDER (Feb. 17, 2023), available online at

23

https://www.businessinsider.com/elon-musk-twitter-india-offices-shut-staff-work-from-home-

24

2023-2 (last accessed on July 28, 2023) ................................................................ 8

25

26

27

28

PLAINTIFFS' OPPOSITION TO DEFENDANT'S MOTION TO DISMISS CANCOMM LLC (DBA DIALOGUE INC.) AND DIALOGUE MEXICO S.A. DE C.V. FOR FORUM NON CONVENIENS

## I. INTRODUCTION

This case was brought by White Coat Captioning, LLC, YES Consulting, LLC, Cancomm LLC (dba Dialogue Inc.), and Dialogue Mèxico S.A. de C.V. (collectively, "Plaintiffs"), on behalf of vendors and contractors who contracted with Defendant Twitter, Inc.[1] to provide goods or services and have not been paid for goods provided or services rendered in the wake of the purchase of the company by multi-billionaire Elon Musk.  *See* Compl., ECF No. 1.  Autumn Communications, Inc. and Business Training Works, Inc. joined as Plaintiffs in early July 2023.  *See* First Amended Complaint ("FAC"), ECF No. 17.  The only claim Plaintiffs assert is breach of contract.

Twitter has moved to dismiss Cancomm LLC (dba Dialogue Inc.) and Dialogue Mèxico S.A. de C.V.'s claims under the doctrine of *forum non conveniens*.  *See* Mot. to Dismiss Dialogue, ECF No. 22.  Naomi Newton, a resident of Florida, operates both Cancomm LLC and Dialogue Mèxico S.A. de C.V.  *See* Decl. of Jane Farrell ISO Pl.'s Opp'n to MTD for *Forum Non Conveniens* (Farrell Decl.) Ex. F ¶ 1, Affidavit of Naomi Newton.  While both companies acknowledge the Master Services Agreements (hereinafter "MSAs" or "Agreements") they entered into with Twitter contain forum selection clauses, Twitter's motion must be denied on two independent grounds.  First, Twitter breached the Agreements; Cancomm LLC and Dialogue Mèxico S.A. de C.V. provided written notice of Twitter's breach; Twitter's failure to cure terminated both Agreements; and the forum selection clause does not survive the termination of the Agreements.  Second, even if a forum selection clause remained in effect, the circumstances here justify granting one of the doctrine of *forum non conveniens*' well-trodden exceptions.

---

[1]    X Corp. is the successor in interest to named defendant Twitter, Inc.

PLAINTIFFS' OPPOSITION TO DEFENDANT'S MOTION TO DISMISS CANCOMM LLC (DBA DIALOGUE INC.) AND DIALOGUE MEXICO S.A. DE C.V. FOR FORUM NON CONVENIENS

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## II.      FACTUAL AND PROCEDURAL BACKGROUND

Plaintiffs filed this class action lawsuit on April 4, 2023, asserting one claim for breach of contract.  *See* Compl.  As Plaintiffs allege, Elon Musk purchased Twitter in late October 2022 and slashed spending, in part by stopping payment to vendors for services rendered.  FAC ¶ 2. Indeed, more than two dozen vendors, contractors, and property owners with whom Twitter holds leases across the country have already sued Twitter individually for breach of contract.  *Id.* According to news reports, in response to concerns about not paying vendors who provided services to or performed work for Twitter, Musk told Twitter employees, repeatedly, to "let them sue".  *Id.* ¶ 3. Plaintiffs are vendors and contractors who executed contracts for goods or services governed by Twitter's Master Services Agreement or Independent Contractor Agreement in the United States.  *Id.* ¶¶ 21–58.

Cancomm LLC and Dialogue Mèxico S.A. de C.V. contracted with Twitter to provide public relations and communications services throughout Mexico, Chile, Colombia, and Argentina for all of 2022.  *Id.*  ¶ 6.  Specifically, Twitter International Company, for itself and the benefit of its affiliates and subsidiaries, entered into a written MSA with Cancomm LLC effective May 1, 2018.  *Id.* ¶ 39.[2]  This MSA is "governed by and construed in accordance with the laws of England and Wales, excluding that body of law pertaining to conflict of laws."  *See* Decl. of Martin O'Neil ISO Mot. to Dismiss (O'Neil Decl.), Ex. 1, Cancomm LLC MSA ¶ 12.9, ECF No. 15-1.  Further, "Any legal action or proceeding arising under this Agreement will be brought exclusively in the courts of London, England, and the parties hereby irrevocably consent to the personal jurisdiction and venue therein."  *Id.*  Twitter Mexico S.A., de C.V., for itself and the benefit of its affiliates and subsidiaries, entered into a written MSA with Dialogue Mèxico

---

[2]      Plaintiffs' FAC states the parties entered into a written MSA on May 1, 2017.  Given the document Plaintiffs' counsel was referencing was unexecuted, Plaintiffs' counsel agrees the record indicates the agreement was effective on May 1, 2018.

PLAINTIFFS' OPPOSITION TO DEFENDANT'S MOTION TO DISMISS CANCOMM LLC (DBA DIALOGUE INC.) AND DIALOGUE MEXICO S.A. DE C.V. FOR FORUM NON CONVENIENS

S.A. de C.V. effective May 1, 2018.  FAC ¶ 39.  This MSA is "governed by and construed in accordance with the laws of Mexico," and "[a]ny legal action or proceeding arising under this Agreement will be brought exclusively in the courts located in Mexico City."  Farrell Decl. Ex. A, Dialogue Mèxico S.A. de C.V. MSA ¶ 12.9.

Both MSAs contain clauses allowing either party to "terminate this Agreement (including all Statements of Work) if the other party breaches any material term of this Agreement and fails to cure such breach . . . within ten (10) days following written notice thereof from the non-breaching party."  *See* O'Neil Decl. Ex. 1 ¶ 11.2, Ex. A ¶ 9.2.  In the event of termination, the MSAs provide that "Twitter will pay Supplier any amounts that are due and payable for Services performed by Supplier prior to the effective date of expiration or termination."  *See* O'Neil Decl. Ex. 1 ¶ 9.4.2, Ex. A ¶ 9.4.2.  Both MSAs also contain "Survival" clauses that specify which clauses should survive if the contract is terminated.  *See* O'Neil Decl. Ex. 1 ¶ 9.5, Ex. A ¶ 9.5. Neither Survival clause references the forum selection clause.  *Id.*

On December 20, 2021, Dialogue Mèxico S.A. de C.V. entered into a written contract with Twitter Mexico, S.A. de C.V., an affiliate of Twitter International Unlimited Company, for itself and the benefit of its affiliates.  O'Neil Decl. Ex. 5, Amendment #1 to Statement of Work # 6, ECF No. 15-5.  This Statement of Work is governed by the terms and conditions in Cancomm LLC's MSA.  *Id.*  Under the terms of the Statement of Work, Mèxico S.A. de C.V. would provide communications and public relations services for Mexico for 2022.  *Id.*  On December 21, 2021, Cancomm LLC executed a Statement of Work with Twitter, Inc.  *See* O'Neil Decl. Ex. 3, Amendment #1 to Statement of Work # 5, ECF No. 15-3.  This Statement of Work is governed by the terms and conditions in Cancomm LLC's MSA.  *Id.*  Under the terms of the Statement of Work, Cancomm LLC would provide communication and public relations services for Spanish Speaking LATAM: Argentina, Chile, and Colombia for 2022.  *Id.*

PLAINTIFFS' OPPOSITION TO DEFENDANT'S MOTION TO DISMISS CANCOMM LLC (DBA DIALOGUE INC.) AND DIALOGUE MEXICO S.A. DE C.V. FOR FORUM NON CONVENIENS

Also in December 2021, Twitter, Inc. sent to "Dialogue" a Purchase Order for "Renewal SpLatam [Spanish Speaking LATAM] PR Services 2022" to be provided in Argentina and billed to Twitter, Inc. in San Francisco.  Farrell Decl. Ex. B, PO 10137146.  The total amount in USD was nearly $300,000.  *Id.* at 1.  Per the Purchase Order, "California law will govern interpretation of this purchase order, and the parties submit to the jurisdiction of the California courts."  *Id.* ¶ 30.  However, "In the event there are conflicting terms in the aforementioned documents, the documents shall govern in the following order: 1) Fully executed Agreement, as applicable, 2) Fully executed Statement of Work, as applicable 3) these Terms and Conditions, and 4) Order."  *Id.* at 1. In September 2022, Twitter México, S.A. de C.V. sent Dialogue Mèxico S.A. de C.V. a Purchase Order for "Mexico PR Services – 2022 Renewal" to be provided in Mexico and billed to Twitter México, S.A. de C.V.  Farrell Decl. Ex C, PO 73010190.  Per the Purchase Order, "Mexico law will govern interpretation of this Order and the Terms and Conditions, and the parties submit to the jurisdiction of the courts in Mexico City."  *Id.* ¶ 28. This Purchase Order also contained the same terms regarding conflicting terms in other documents as the Purchase Order sent to Dialogue.  *Id.* at 1.

Under the Statements of Work, payments were due 30 days from receipt of an approved invoice.  FAC ¶ 42.  Under the MSAs, payments were due 60 days from receipt of an approved invoice.  *Id.*  Twitter approved but has not paid invoices for services Cancomm LLC and Dialogue Mèxico S.A. de C.V. provided between November 3, 2022, and December 23, 2022. FAC ¶ 43; *see also* Farrell Decl. Ex. D, Email with screenshots of approved and unpaid invoices. Both companies have made repeated attempts to secure these overdue payments from Twitter.  *Id.* One Twitter employee informed a representative from the companies that invoices in Twitter's name were reviewed in the United States.  Farrell Decl. Ex. E, Email from Twitter regarding US review of invoices.  As of the date of this filing, Twitter owes Cancomm LLC approximately $100,000 for four approved, overdue invoices and owes Dialogue Mèxico S.A. de C.V. nearly

$40,000 for four approved, overdue invoices.  Farrell Decl. Ex. F ¶.  Cancomm LLC and

Dialogue Mèxico S.A. de C.V. informed Twitter in writing of its breaches of contract of their

Master Services Agreements on April 4, 2023, when Plaintiffs filed this lawsuit.  *See* Compl.

Dialogue Mèxico S.A. de C.V. are small businesses and do not have the resources to pay an

attorney on a non-contingency basis to pursue their breach of contract claims. FAC ¶ 60; Farrell

Decl. Ex. F ¶¶ 2, 4.

### III.   ARGUMENT

#### a)   The Forum Selection Clauses in the MSAs Are Void.

Under California law, "[a] contract must be so interpreted as to give effect to the mutual

intention of the parties as it existed at the time of contracting, so far as the same is ascertainable

and lawful."  Cal. Civ. Code § 1636.  Courts consider every part of a written contract in

determining the parties' intent, based on how it was objectively expressed in words.  *Id.* §§ 1639,

1641; *see also Harris v. Klure*, 23 Cal.Rptr. 313, 315 (Cal.Ct.App.1962) (interpreting § 1641 and

holding that the court should consider the contract as a whole, using each clause as an aid in

understanding other clauses).  In cases of uncertainty, the language of a contract should be

interpreted "most strongly against the party who caused the uncertainty to exist." *Id.* § 1654.

Both MSAs at issue here contain clauses allowing either party to "terminate this

Agreement (including all Statements of Work) if the other party breaches any material term of

this Agreement and fails to cure such breach . . . within ten (10) days following written notice

thereof from the non-breaching party."  *See* O'Neil Decl. Ex. 1 ¶ 11.2, Ex. A ¶ 9.2.  Cancomm

LLC and Dialogue Mèxico S.A. de C.V. provided such notice and terminated the contracts when

they filed this complaint, which alleges breach of contract, and Twitter did not cure.  Crucially,

these MSAs also contain "Survival" clauses, which provide that "The parties agree that those

obligations that by their nature should survive either expiration or termination of this Agreement,

shall survive in favor of Twitter, including obligations set out in Clauses 5, 6, 8 and 10 of this

PLAINTIFFS' OPPOSITION TO DEFENDANT'S MOTION TO DISMISS CANCOMM LLC (DBA DIALOGUE
INC.) AND DIALOGUE MEXICO S.A. DE C.V. FOR FORUM NON CONVENIENS

Agreement, as well as any obligation of Supplier in regards to the protection and privacy of personal data." *See* O'Neil Decl. Ex. 1 ¶ 9.5, Ex. A ¶ 9.5.  Notably absent from this list of clauses that survive is the forum selection clause.

A plain reading of the terms of the MSAs suggests that the forum selection clauses do not survive the Agreements' termination.  Indeed, the purpose of a survival clause is to list any clauses that will remain in effect after the agreement terminates.  Thus, Twitter's omission of the forum selection clause from the survival clause indicates that it did not intend the clause to survive.  The forum selection clauses themselves are also silent on whether the clause survives termination of the contract.  In contrast, the obligations set forth under 9.4.2 requiring Twitter to pay suppliers "any amounts that are due and payable" upon termination of the Agreement, *see* O'Neil Decl. Ex. 1 ¶ 9.4.2, Ex. A ¶ 9.4.2, "by their nature should survive . . . termination of this Agreement" because they explicitly contemplate termination, *see* O'Neil Decl. Ex. 1 ¶ 9.5, Ex. A ¶ 9.5.  As the rule of construction "*expressio unius est exclusio alterius*" provides, "that mention of one matter implies the exclusion of all others."  *Steven v. Fid. & Cas. Co. of New York*, 58 Cal. 2d 862, 871 (1962).  Twitter did not contract against this uncertainty, and it is reasonable for Cancomm LLC and Dialogue Mèxico S.A. de C.V. to read the MSAs as rendering the forum selection clause void upon termination of the contract.  *See Sanchez v. Valencia Holding Co., LLC*, 61 Cal.4th 899, 936-37 (Cal. 2005) ("Parties enter into contracts to allocate risks and to bring certainty, order, and predictability to their mutual relations.") (internal quotations and citations omitted).

Because the MSAs are no longer in effect and the Statements of Work incorporated the terms of the MSAs, the terms of the Purchase Orders control.  Accordingly, Cancomm LLC's claims should undoubtedly proceed in California courts and California law should govern. Dialogue Mèxico S.A. de C.V.'s Purchase Orders specifies that Mexico is the appropriate forum, but even if Twitter moves to enforce this forum selection clause—which it has not—this Court

PLAINTIFFS' OPPOSITION TO DEFENDANT'S MOTION TO DISMISS CANCOMM LLC (DBA DIALOGUE INC.) AND DIALOGUE MEXICO S.A. DE C.V. FOR FORUM NON CONVENIENS

should deny any such motion because the exceptions to the doctrine of *forum non conveniens* detailed in the following section apply.

### b) This Court Should Deny Twitter's Motion to Dismiss for Forum Non Conveniens.

Cancomm LLC and Dialogue Mèxico S.A. de C.V. do not dispute the legal standard Twitter sets out to evaluate motions to dismiss for *forum non conveniens* where a forum selection clause exists.  Nor do they dispute that the MSAs contained forum selection clauses.[3]  Rather, Cancomm LLC and Dialogue Mèxico S.A. de C.V. disagree with Twitter's cursory analysis of the factors courts consider when a party opposes enforcement of the forum selection clause, as applied to the facts here.  Cancomm LLC and Dialogue Mèxico S.A. de C.V. address and analyze these considerations below in turn.

Courts will deny motions to enforce forum selection clauses where the selected forum is so "gravely difficult and inconvenient" that the complaining party will "for all practical purposes be deprived of its day in court."  *Sun v. Advanced China Healthcare, Inc.*, 901 F.3d 1081, 1088 (9th Cir. 2018) (quoting *M/S Bremen*, 407 U.S. at 15, 18).  To reiterate, these parties do not have the resources to litigate this case on a non-contingency basis, which is why they joined a putative class action.  FAC ¶ 60; Farrell Decl. Ex. F ¶ 4.  Given that Ms. Newton lives in the United States and has no employees in the United Kingdom (or in Europe), it would be even *more* costly for her to pursue these claims in London.  Farrell Decl. Ex. F ¶¶ 1, 3 & 4.  Of equal concern is that Twitter has closed over a dozen of its international offices, including those in Mexico, and

---

[3]    As outlined *supra*, Cancomm LLC and Dialogue Mèxico S.A. de C.V. disagree that the forum selection clause in Twitter's MSAs is still in effect because Twitter terminated the contract.

PLAINTIFFS' OPPOSITION TO DEFENDANT'S MOTION TO DISMISS CANCOMM LLC (DBA DIALOGUE INC.) AND DIALOGUE MEXICO S.A. DE C.V. FOR FORUM NON CONVENIENS

reports indicate most of its Europe offices may close.[4]  Thus, it is not clear Cancomm LLC and Dialogue Mèxico S.A. de C.V. would be able to collect from Twitter-affiliated entities outside the United States.  Likewise, most of the relevant witnesses are located in California, including Elon Musk himself.

Moreover, Twitter, Inc. in San Francisco is the party responsible for paying these invoices *and* the party that declined to issue payment.  This is apparent from reports regarding the acquisition by Elon Musk, emails from a Twitter employee to a representative from Cancomm LLC informing her that Twitter US was responsible for paying the invoices, *see* Farrell Decl. Ex. E, and the Purchase Order Cancomm LLC received *from* Twitter, Inc., which directed Cancomm LLC to bill its PR services for Spanish-speaking Latin America *to* Twitter, Inc. in San Francisco, *see id.* Ex. B.  Litigating this case on an individual basis and outside of the United States would be inefficient and prohibitively expensive for Cancomm LLC and Dialogue Mèxico S.A. de C.V., especially given the financially precarious situation they are in *as a direct result of Twitter's breach.*  Farrell Decl. Ex. F ¶ 5.

Courts will also deny motions to enforce forum selection clauses where "enforcement would contravene a strong public policy of the forum in which suit is brought, whether declared by statute or by judicial decision."  *M/S Bremen v. Zapata Off–Shore Co.*, 407 U.S. 1, 17 (1972).  Generally, California has a strong public policy favoring the use of class actions to enforce established rights.  California's Code of Civil Procedure § 382 provides, in part, "When the question is one of a common or general interest, of many persons, or when the parties are numerous, and it is impracticable to bring them all before the court, one or more may sue or

---

[4]      See "Twitter shut down 2 of its 3 offices in India . . ." BUSINESS INSIDER (Feb. 17, 2023), available online at  https://www.businessinsider.com/elon-musk-twitter-india-offices-shut-staff-work-from-home-2023-2 (last accessed on July 28, 2023).

PLAINTIFFS' OPPOSITION TO DEFENDANT'S MOTION TO DISMISS CANCOMM LLC (DBA DIALOGUE INC.) AND DIALOGUE MEXICO S.A. DE C.V. FOR FORUM NON CONVENIENS

defend for the benefit of all."  California's public policy in favor of class actions is also apparent from case law prohibiting, for example, the enforcement of class action waivers.  *Oestreicher v. Alienware Corp.*, 502 F. Supp. 2d 1061, 1066 (N.D. Cal. 2007), *aff'd,* 322 F. App'x 489 (9th Cir. 2009) (observing that "Courts in California have not hesitated to invalidate class action waivers in the appropriate circumstances.").  It is also clear from case law where courts decline to enforce forum selection clauses because doing so would prevent the vindication of established rights on a class basis.  *See, e.g., Doe 1 v. AOL LLC*, 552 F.3d 1077, 1083 (9th Cir. 2009) (declining to enforce forum selection clause where plaintiff brought putative class action alleging violations of California consumer protection law and common law claims)  Here, the enforcement of this forum selection clause would deprive Cancomm LLC and Dialogue Mèxico S.A. de C.V. of their rights to join a class action, which cuts against California's robust public policy favoring class actions as a tool to vindicate rights.

Finally, the "public interests traditionally evaluated in a *forum non conveniens* analysis," including "(1) local interest of lawsuit; (2) the court's familiarity with governing law; (3) burden on local courts and juries; (4) congestion in the court; and (5) the costs of resolving a dispute unrelated to this forum," *all* weigh strongly in favor of denying Twitter's motion to dismiss. *Lueck v. Sundstrand Corp.*, 236 F.3d 1137, 1147 (9th Cir. 2001).

First, there is robust local interest in this lawsuit. Twitter, Inc.'s global headquarters are in San Francisco, and this is where decisionmakers like Elon Musk directed Twitter employees not to pay vendors like Cancomm LLC and Dialogue Mèxico S.A. de C.V.  Indeed, Plaintiffs understand *all* facts pertinent to this breach of contract claim took place in California and *nothing* relevant occurred in London.  Second, this Court is deeply familiar with the governing law, which is a straightforward breach of contract claim—the elements of this common law claim are the same in the United States and the United Kingdom.  Third, because this is a putative class action, there is no additional burden on local courts and juries if Cancomm LLC

and Dialogue Mèxico S.A. de C.V. remain parties to this lawsuit.  Likewise, there is no

additional congestion in the Northern District of California if the Court denies Twitter's Motion

to Dismiss.  Finally, there is no cost of resolving a dispute unrelated to this forum because this

case is *indisputably related* to this forum; indeed, it is telling that Twitter does not even attempt

to argue that events relevant to Plaintiffs' claim occurred in London or even outside of the

United States.

## IV.    CONCLUSION

        For the reasons outlined above, the Court should deny Twitter's Motion to Dismiss for

*Forum Non Conveniens*.


                                        Respectfully submitted,

                                        WHITE COAT CAPTIONING, LLC, ET AL,
                                        on behalf of themselves and all others similarly
                                        situated,

                                        By their attorneys,

                                         /s/ Shannon Liss-Riordan
                                        Shannon Liss-Riordan, SBN 310719
                                        Jane Farrell, SBN 333779.
                                        LICHTEN & LISS-RIORDAN, P.C.
                                        729 Boylston Street, Suite 2000
                                        Boston, MA 02116
                                        (617) 994-5800
                                        Email:  sliss@llrlaw.com


Dated: July 28, 2023

PLAINTIFFS' OPPOSITION TO DEFENDANT'S MOTION TO DISMISS CANCOMM LLC (DBA DIALOGUE INC.) AND DIALOGUE MEXICO S.A. DE C.V. FOR FORUM NON CONVENIENS

1

2

3

## **CERTIFICATE OF SERVICE**

4

      I hereby certify that on July 28, 2023, a copy of this document was served by electronic

5

filing on all counsel of record.

6

/s/ Shannon Liss-Riordan

Shannon Liss-Riordan, Esq.

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

11

PLAINTIFFS' OPPOSITION TO DEFENDANT'S MOTION TO DISMISS CANCOMM LLC (DBA DIALOGUE
INC.) AND DIALOGUE MEXICO S.A. DE C.V. FOR FORUM NON CONVENIENS
