Shannon Liss-Riordan (SBN 310719)
Jane Farrell (SBN 333779)
LICHTEN & LISS-RIORDAN, P.C.
729 Boylston Street, Suite 2000
Boston, MA 02116
Telephone:   (617) 994-5800
Facsimile:   (617) 994-5801
sliss@llrlaw.com
jfarrell@llrlaw.com

Attorneys for Plaintiffs White Coat Captioning, LLC, YES Consulting, LLC, Cancomm LLC, Dialogue Mèxico S.A. de C.V., Autumn Communications, Inc., and Business Training Works, Inc. on behalf of themselves and all others similarly situated

J. Jonathan Hawk (SBN 254350)
WHITE & CASE LLP
555 South Flower St. Suite 2700
Los Angeles, CA 90071-2433
Telephone: (213) 620-7741
jhawk@whitecase.com

Attorneys for X Corp., as successor in interest to named defendant Twitter, Inc.

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| WHITE COAT CAPTIONING, LLC; YES CONSULTING, LLC; CANCOMM LLC (DBA DIALOGUE INC.); DIALOGUE MÉXICO S.A. DE C.V.; AUTUMN COMMUNICATIONS, INC.; AND BUSINESS TRAINING WORKS, INC., on behalf of themselves and all others similarly situated;<br><br>　　　　　　　　　　Plaintiffs,<br><br>　　v.<br><br>TWITTER, INC.<br><br>　　　　　　　　　　Defendant. | Case No. 3:23-cv-1594-SK<br><br>**JOINT RULE 26(f) REPORT**<br><br>Date:　　Monday, September 11, 2023<br>Time:　　9:30 a.m.<br>Location: San Francisco Courthouse<br>　　　　　Courtroom C -15th Fl<br>　　　　　450 Golden Gate Avenue<br>　　　　　San Francisco, California<br>Judge:　　Honorable Sallie Kim |

Pursuant to Federal Rule of Civil Procedure 26(f) and Local Rule 16-9, Plaintiffs White Coat Captioning, LLC, YES Consulting, LLC, Cancomm LLC (dba Dialogue Inc.), Dialogue México S.A. de C.V., Autumn Communications, Inc., and Business Training Works, Inc. (collectively, "Plaintiffs") and X Corp., as successor in interest to named Defendant Twitter, Inc. ("X Corp.," together with Plaintiffs, the "Parties") jointly submit this report, and its Proposed Schedule of Pretrial and Trial Dates as follows:

**1.   JURISDICTION AND SERVICE**

All Parties have been served.  No dispute exists regarding personal jurisdiction or venue as to Plaintiffs White Coat Captioning, LLC, YES Consulting, LLC, Autumn Communications, Inc., and Business Training Works, Inc.  The Court has subject matter jurisdiction over those Plaintiffs' claims under 28 U.S.C. § 1332(a) and (d).

The Parties do dispute whether jurisdiction and venue are proper as to Plaintiffs Cancomm LLC (dba Dialogue Inc.) ("Cancomm") and Dialogue México S.A. de C.V. ("Dialogue México").

**A.   Plaintiffs' Statement**

Plaintiffs oppose Defendant's motion to dismiss Cancomm and Dialogue México's claims because the forum selection clause in the Master Services Agreement is void following Defendant's breach of the agreement. Even if the forum selection clause is not void, the factors courts consider whether a party opposes enforcement of a forum selection clause weigh in favor of denying Defendant's motion to enforce the forum selection clause.

**B.   Defendant's Statement**

Cancomm and Dialogue México entered into a contract governing the provision of services at-issue in their First Amended Class Action Complaint (the "Amended Complaint"), which contract provides that any claims arising from the agreement shall be litigated exclusively in courts in London, England.  Cancomm and Dialogue México cannot bring their claims in this Court, and X Corp. has brought a motion, asking the Court to dismiss their claims with prejudice under the doctrine of *forum non conveniens* and *Atlantic Marine Construction Company v. United States District Court for the Western District of Texas*, 571 U.S. 49 (2013) (ECF 22).  That motion is

scheduled to be heard the same day as the Initial Case Management Conference in this matter, September 11, 2023, at 9:30 a.m.

**2.  FACTS**

   **A.  Plaintiffs' Statement**

Plaintiffs White Coat Captioning, LLC, YES Consulting, LLC, Cancomm LLC (dba Dialogue Inc.), Dialogue Mèxico S.A. de C.V., Autumn Communications, Inc., and Business Training Works, Inc. all entered into agreements with Twitter (for which X Corp. is the successor) to provide various services in 2022. Plaintiffs provided these services and submitted invoices to Twitter for the services rendered under the terms of those contracts. Twitter marked many of these invoices as "approved" in its payment processing system, but following Elon Musk's purchase of the company, it did not issue payment. Plaintiffs all contacted Twitter repeatedly and tried to obtain payment, but Twitter either ignored their requests or told them it simply needed more time. Twitter never stated that the delay was due to some deficiency relating to Plaintiffs' performance. Plaintiffs later learned that Mr. Musk had directed Twitter's employees not to pay any vendors, telling them instead to "let [vendors] sue". Plaintiffs anticipate discovery will show that Twitter maintained a database listing all approved but unpaid invoices, including for Plaintiffs.

   **B.  Defendant's Statement**

Plaintiffs' purported and separate agreements with X Corp. contain varying terms governing, among other things, the types of performance that Plaintiffs were obligated to deliver and the pre-conditions that must be satisfied before payments were due.  These include, for example, identification of the Plaintiffs' respective personnel that were authorized to deliver the specified services, and detailed descriptions of service deliverables under each of Plaintiffs' agreements across different service sectors, e.g., public relations and personnel training.  Some of the purported agreements also include provisions stating that no payments are due until X Corp. approved <u>each</u> milestone deliverable in writing, or that no payments were due until milestones were completed to X Corp.'s reasonable satisfaction.

X Corp. has been undertaking an internal investigation regarding the allegations in

Plaintiffs' Amended Complaint but, due to personnel turnover at X Corp. before Plaintiffs served their original Complaint, has been unable to confirm whether Plaintiffs properly and fully discharged their contractual obligations.  Plaintiffs may not have been providing deliverables and service levels as required under their separate and detailed agreements, and Plaintiffs' work may not have been completed to X Corp.'s reasonable satisfaction and / or approved in writing such that payments became due.

X Corp. also denies that the alleged putative class can be certified for various, similar reasons.  X Corp.'s agreements with vendors, including customized statements of work, contain terms that vary across vendors and would be material to any dispute regarding purported nonpayment under any given agreement.  The agreements contain terms, for example, that: (i) may specify acceptable levels of vendor performance that are tailored to a specific good or service to be delivered; (ii) set different prerequisites for when a vendor will be paid, including that X Corp. must approve in writing the good or service being delivered in milestones before payment is due; and (iii) may specify choice of law and exclusive venue provisions pointing outside of the Northern District of California.

These issues requiring individualized inquiry cannot be done efficiently on a classwide basis, as already illustrated in connection with X Corp.'s motion to dismiss Cancomm's and Dialogue México's claims, and those Plaintiffs' arguments and factual disputes regarding unsigned (purported) agreements with even further varying terms.  Such issues, among other issues, will prevent a class from being certified under Fed. R. Civ. P. 23.

**3.   LEGAL ISSUES**

The principal legal issues in dispute are:

1.   Whether Plaintiffs have entered into binding agreements with X Corp.;

2.   Whether Plaintiffs fully performed their obligations under their alleged agreements with X Corp;

3.   Whether X Corp. failed to pay amounts to Plaintiffs that were purportedly owed to them under their agreements with X Corp.; and

4.   Whether a class should be certified (Fed. R. Civ. P. 23).

**4.   MOTIONS**

   **A.   Pending Motions**

On July 14, 2023, X Corp. filed a motion to dismiss Plaintiffs Cancomm's and Dialogue México's claims in the Amended Complaint, under the doctrine of *forum non conveniens* and *Atlantic Marine Construction Company v. United States District Court for the Western District of Texas*, 571 U.S. 49 (2013) (ECF 22).  That same day X Corp. also filed a motion to strike Plaintiffs' class allegations under Fed. R. Civ. P. 12(f) (ECF 21).  Those motions are fully briefed and scheduled to be heard the same day as the Initial Case Management Conference in this matter, September 11, 2023, at 9:30 a.m.

   **B.   Anticipated Motions**

Both Parties anticipate filing a motion for summary judgment, and any other motions as may be necessitated by the case, including possible discovery motions.  Plaintiffs anticipate moving for class certification.

**5.   AMENDMENT OF PLEADINGS**

The Parties propose that the deadline for amending the pleadings be set as provided in Section 16 below.

**6.   EVIDENCE PRESERVATION**

The Parties certify that they have reviewed the ESI Guidelines.  The Parties have also met and conferred pursuant to Fed. R. Civ. P. 26(f) and taken appropriate steps to preserve any and all evidence that may be relevant to the issues in this action.

**7.   DISCLOSURES**

The Parties agree to exchange initial disclosures as set forth in Section 16 below.

**8.   DISCOVERY**

No discovery has been served thus far and the Parties have not identified any discovery disputes.

Pursuant to Fed. R. Civ. P. 26(f), the Parties submit the following discovery plan:

   **(1)   Changes to disclosures.** The Parties do not expect any changes will be made in form or requirement of the Parties' Rule 26(a) disclosures, except for proposing to exchange

initial disclosures as set forth in Section 16 below.

**(2)  Subjects on which discovery may be needed.** Discovery will be needed on the legal issues set forth in Section 3 above.

**(3)  Issues relating to disclosure or discovery of electronically stored information.** If certain discovery is to be produced in electronic form, the Parties have agreed to meet and confer, as necessary, to resolve any issues concerning electronic discovery as they arise.

**(4)  Issues relating to claims of privilege or of protection as trial-preparation materials.** The Parties will meet and confer as necessary to discuss if the issue arises.

**(5)  Changes in limitations on discovery.** The parties do not foresee changes that should be made in the limitations on discovery imposed under the Federal Rules of Civil Procedure or the Civil Local Rules. If changes need to be made, the Parties agree to meet and confer.

**(6)  Orders that should be entered by the Court.** The Parties anticipate that a protective order governing the treatment of confidential information will be required and will submit a proposed order in the form of the Northern District's model order.

**9.   CLASS ACTIONS**

   **A.   Plaintiffs' Statement**

Plaintiffs believe that, when discovery commences, it should proceed with respect to both class certification and merits issues for a period of six (6) months. Plaintiffs may move for class certification after discovery has begun.

   **B.   Defendant's Statement**

X Corp. believes that, when discovery commences, it should proceed with respect to both class certification and merits issues for a period of ten (10) months. The first eight (8) months will be devoted to written and oral fact discovery. The final two (2) months of this period will be devoted to experts. At the close of this ten (10) month period, the Parties will brief class certification according to X Corp.'s proposed schedule in Section 16 below.

X Corp. also anticipates that it would be unable to satisfy a more truncated schedule given personnel turnover within the Company and the fact-intensive nature of the issues specific

to each vendor, and that there is no need for a shorter schedule.

**10.   RELATED CASES**

None.  Although Plaintiffs' counsel have filed a number of cases in this District on behalf of former X Corp. employees, this is the only case they have filed concerning unpaid vendors

**11.   RELIEF**

**A.   Plaintiff's Position:**

Plaintiffs request that this Court:

a.   Certify a class action and appoint Plaintiffs and their counsel to represent a class of X Corp. (fka Twitter) vendors and contractors who signed Statements of Work and/or entered into contracts for goods or services governed by X Corp. (fka Twitter) Master Services Agreement or Independent Contractor Agreement anywhere in the United States and have not received payment for the goods or services provided under the terms of their contracts;

b.   Award compensatory damages, including all payments owed for goods or services provided or owed under the terms of the contract, in an amount according to proof;

c.   Award pre- and post-judgment interest;

d.   Award any other relief to which the Plaintiffs may be entitled.

**B.   Defendant's Position:**

X Corp. disputes that any damages are appropriate.  However, in the event that X Corp. were to be found liable in this action, damages should not exceed what Plaintiffs pray on an individual basis in the Amended Complaint.

**12.   SETTLEMENT AND ADR**

The Parties have commenced preliminary settlement negotiations, but believe it will be productive and efficient to first work directly with each other in efforts to resolve, before reverting to more formal ADR mechanisms.

**13.   OTHER REFERENCES**

This case is not suitable for reference.

**14.     NARROWING OF ISSUES**

The Parties will most likely file one or more dispositive motions seeking to narrow the issues in this case.  Both parties anticipate filing motions for summary judgment.

**15.     EXPEDITED TRIAL PROCEDURE**

The Parties have not agreed to an expedited trial procedure.

**16.     SCHEDULING**

The Parties propose that the Court adopt the following agreed schedule based on the Federal Rules of Civil Procedure and the Local Rules, and that the Court schedule a status conference to take place after ruling on Plaintiffs' anticipated motion for class certification to set dates regarding a deadline to file dispositive motions and all other pre-trial dates.

Given X Corp.'s pending motions to dismiss and to strike the class allegations, and that Plaintiffs may need to further amend their Amended Complaint depending on the Court's ruling on X Corp.'s motions, the Parties agree that their proposed scheduling dates be determined from either when the Court rules on X Corp.'s motions or when X Corp. ultimately files an Answer to the then-operative Complaint:

| Matter | Parties' Joint Request |
|---|---|
| Deadline for X Corp. to Answer Complaint or for Plaintiffs to further Amend their Amended Complaint | 21 days after the Court rules on X Corp.'s pending motions to dismiss and strike class allegations |
| Deadline to Serve Initial Disclosures | If the Court denies X Corp.'s pending motions to dismiss and strike class allegations, 21 days after the Court rules<br><br>If the Court grants either or both of X Corp.'s motions, 21 days after X Corp. Answers the then-operative Complaint |
| Deadline to Amend Pleadings | If the Court denies X Corp.'s pending motions to dismiss and strike class allegations, 21 days after |

|  |  |
|---|---|
|  | the Court rules<br><br>If the Court grants either or both of X Corp.'s motions, 21 days after X Corp. Answers the then-operative Complaint |

The Parties are unable to agree on a further proposed schedule, and set forth their respective positions below:

| **Matter** | **Plaintiffs' Request** | **Defendant's Request** |
|---|---|---|
| Deadline to Complete Fact Discovery Related to Class Certification | Six (6) months after X Corp. Answers the then-operative Complaint | Ten (10) months after X Corp. Answers the then-operative Complaint |
| Deadline for Plaintiffs to File Motion for Class Certification and Serve Expert Disclosures re Class Certification | Four (4) months after X Corp. Answers the then-operative Complaint | Twelve (12) months after X Corp. Answers the then-operative Complaint |
| Deadline for X Corp. to File Opposition to Motion for Class Certification and Serve Expert Disclosures re Class Certification | Fourteen (14) days after Plaintiffs file Motion for Class Certification<br><br>Plaintiffs do not believe experts will be needed in this case | Fourteen (14) months after X Corp. Answers the then-operative Complaint |
| Deadline to Complete Expert Discovery Related to Class Certification | Plaintiffs do not believe experts will be needed in this case | Fifteen (15) months after X Corp. Answers the then-operative Complaint |

| Proposed Hearing Date on Motion for Class Certification and Status Conference re Pre-Trial and Trial Scheduling | Thirty-five (35) days after Plaintiffs file Motion for Class Certification | Sixteen (16) months after X Corp. Answers the then-operative Complaint |
|---|---|---|
| Trial | July 2024 | Premature to set a trial date at this time |

**17.   TRIAL ESTIMATE**

The Parties anticipate that the case will be tried to a jury and can be tried in a week.

**18.   DISCLOSURE OF NON-PARTY INTERESTED ENTITIES OR PERSONS**

All Parties have filed the Certification of Interested Entities or Persons. The Parties disclose that the following have an interest in this litigation:

1. White Coat Captioning, LLC – Plaintiff, financial interest;

2. YES Consulting, LLC – Plaintiff, financial interest;

3. Cancomm LLC– Plaintiff, financial interest;

4. Dialogue México S.A. de C.V. – Plaintiff, financial interest;

5. Autumn Communications, Inc. – Plaintiff, financial interest;

6. X Corp., successor in interest to named Defendant Twitter, Inc. – Defendant, financial interest; and

7. X Holdings Corp. – X Corp.'s parent company.

**19.   PROFESSIONAL CONDUCT**

Counsel of record for the Parties have reviewed the Guidelines for Professional Conduct for the Northern District of California.

**20.   OTHER**

Not applicable.

Respectfully submitted,

Dated: September 5, 2023    LICHTEN & LISS-RIORDAN, P.C.

By: /s/ Shannon Liss-Riordan

Shannon Liss-Riordan (SBN 310719)
Jane Farrell (SBN 333779)
LICHTEN & LISS-RIORDAN, P.C.
729 Boylston Street, Suite 2000
Boston, MA 02116
(617) 994-5800
sliss@llrlaw.com
jfarrell@llrlaw.com

Attorneys for Plaintiffs

Dated: September 5, 2023    WHITE & CASE LLP

By: /s/ J. Jonathan Hawk

J. Jonathan Hawk (SBN 254350)
WHITE & CASE LLP
555 South Flower St. Suite 2700
Los Angeles, CA 90071-2433
Telephone: (213) 620-7741
jhawk@whitecase.com

Attorneys for X Corp., successor in interest to named defendant Twitter, Inc.