UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WHITE COAT CAPTIONING, LLC, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>TWITTER, INC.,<br><br>Defendant. | Case No. 23-cv-01594-SK<br><br>**ORDER REGARDING MOTION TO STRIKE**<br><br>Regarding Docket No. 21 |

On June 16, 2023, Defendant Twitter, Inc. ("Defendant")[1] moved to strike Plaintiffs' class allegations. (Dkt. No. 15.) Defendant argues that the class constituted an impermissible fail-safe class and the Complaint did not address Rule 23's requirements. Shortly thereafter, Plaintiffs filed a First Amended Complaint, which included additional named plaintiffs. (Dkt. No. 17.) On July 14, Defendant filed a new Motion to Strike, which Plaintiffs oppose. (Dkt. No. 21.) The Court heard argument on the issues, and, for the reasons set forth below, DENIES the motion to strike.

In this putative class action, six plaintiffs allege one claim for breach of contract, based on the allegation that Defendant failed to pay for good or services provided by the plaintiffs as required under the terms of their separate agreements with Defendant. Except as to plaintiffs Cancomm LLC and Dialogue Mexico S.A. de C.V., the plaintiffs appear to be unrelated, and the contracts appear to be unrelated. (Dkt. No. 17.) The proposed class is defined as vendors who "have not received payment for the goods or services provided under the terms of their contracts." (*Id.*)

Defendant moves to strike the allegations regarding the class action based on Fed.R.Civ.P. 12(f). Specifically, Defendant argues that the proposed class is an impermissible "fail-safe" class

---

[1] Defendant is now known as X Corp.

– one in which liability determines entry into the class.  Defendant argues that whether entities area members of the proposed class "turns on whether they establish that" Defendant "was required to, and did not, pay for goods and services provided under the terms of an at issue contract -- the very questions of liability in this case." (Dkt. No. 21.)  Defendant cites *Greenfield v. Cross River Bank*, No. 21-cv-09296- MMC, 2023 U.S. Dist. LEXIS 8130, at *12 (N.D. Cal. Jan. 13, 2023) for the proposition that the Court can strike allegations creating a fail-safe class at the pleading stage.  There, the Court struck a fail-safe class on the basis that class membership was premised on whether individuals had "completed" an application for a PPP loan.  *Id*.  There is "a split in this District as to whether a motion to strike class action allegations may be entertained at the motion to dismiss stage." *Salaiz v. eHealthInsurance Servs*., No. 22-cv-04835-BLF, 2023 U.S. Dist. LEXIS 48742, at *13 (N.D. Cal. Mar. 22, 2023) (citing *Ogola v. Chevron Corp.*, No. 14-cv-173-SC, 2014 U.S. Dist. LEXIS 117397, at *2 (N.D. Cal. Aug. 21, 2014) (collecting cases)).  This Court follows half of the split and declines to strike class allegations at this stage of litigation.

Defendant also argues that the First Amended Complaint fails to provide sufficient allegations to address the requirements of a class action under Fed.R.Civ.P. 23.  The Court finds that the allegations of the First Amended Complaint, although somewhat conclusory in nature, do provide allegations to satisfy Rule 23.

Defendant's arguments in general go to the merits of class certification, and the Court will entertain those arguments at the appropriate stage of litigation.  Defendant raises compelling reasons why the Court should not certify a class, but those arguments are premature.

For these reasons, the Court DENIES Defendant's motion to strike.

**IT IS SO ORDERED**.

Dated: October 6, 2023

_____
SALLIE KIM
United States Magistrate Judge