SHANNON LISS-RIORDAN (SBN 310719)
(sliss@llrlaw.com)
JANE FARRELL (SBN 333779)
(jfarrell@llrlaw.com)
LICHTEN & LISS-RIORDAN, P.C.
729 Boylston Street, Suite 2000
Boston, MA 02116
Telephone:  (617) 994-5800
Facsimile:  (617) 994-5801

*Attorneys for Plaintiffs White Coat Captioning, LLC, YES Consulting, LLC, Autumn Communications, Inc., Business Training Works, Inc., Measuring Usability LLC, and Foster & Forge Ltd. on behalf of themselves and all others similarly situated*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| WHITE COAT CAPTIONING, LLC, YES CONSULTING, LLC, AUTUMN COMMUNICATIONS, INC., BUSINESS TRAINING WORKS, INC., MEASURING USABILITY LLC, AND FOSTER & FORGE LTD. on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>X CORP. (FORMERLY KNOWN AS TWITTER, INC.)<br><br>Defendant. | Case No. 3:23-cv-01594-SK<br><br>**SECOND AMENDED CLASS ACTION COMPLAINT**<br><br>1. BREACH OF CONTRACT<br>2. QUANTUM MERUIT<br>3. ACCOUNT STATED<br>4. OPEN BOOK ACCOUNT |

1
SECOND AMENDED CLASS ACTION COMPLAINT

## I. **INTRODUCTION**

1. Plaintiffs White Coat Captioning, LLC, YES Consulting, LLC, Autumn Communications, Inc., Business Training Works, Inc., Measuring Usability LLC, and Foster & Forge Ltd., individually and on behalf of all others similarly situated, file this Class Action Complaint against Defendant X Corp., formerly known as Twitter, Inc., and hereinafter referred to as "Twitter" for breach of contract.

2. Since the company's purchase by Elon Musk in late October 2022, Twitter has slashed spending – by laying off most of its workforce and stopping payment to vendors for services rendered. Indeed, more than two dozen vendors, contractors, and property owners with whom Twitter holds leases across the country have already sued Twitter individually for breach of contract. See, e.g., Twitter Vendor Non-Payment, PLAINSITE, https://www.plainsite.org/tags/twitter-vendor-nonpayment/.

3. According to news reports, in response to concerns about not paying vendors who provided services to or performed work for Twitter, Musk told Twitter employees, repeatedly, to "let them sue". See, e.g., Sawdah Bhaimiya, Elon Musk frequently told Twitter staff 'let them sue' in response to vendors and landlords complaining about unpaid bills, report says, BUSINESS INSIDER (March 17, 2023), https://www.businessinsider.com/elon-musk-let-them-sue-response-twitters-unpaid-pills-report-2023-3.

4. Plaintiff White Coat Captioning, LLC contracted with Twitter to provide professional real-time captioning services throughout 2022. In mid-November 2022, White Coat Captioning, LLC's President and CEO Norma Miller contacted Twitter about several overdue invoices totaling approximately $42,000. Twitter acknowledged receiving and approving the invoices but has yet to issue payment.

5. Plaintiff YES Consulting, LLC contracted with Twitter to provide leadership training for much of 2022. Twitter owes YES Consulting approximately $49,000 for services

2
SECOND AMENDED CLASS ACTION COMPLAINT

rendered. While Twitter received and approved YES Consulting's invoices, Twitter has not told its President and CEO Yvonne Ellison-Sandler if or when it plans to issue payment.

6. Plaintiff Autumn Communications, Inc. contracted with Twitter to provide public relations services from September 2022 to September 2023, at a rate of $20,000 per month. On December 21, 2022, Twitter represented that it would not pay Autumn Communications for completed services and for which Twitter owed Autumn Communications approximately $60,000.

7. Plaintiff Business Training Works, Inc. contracted with Twitter to provide virtual writing skills training course from February 2022 through December 2022. In December 2022, Business Training Works contacted Twitter about five overdue invoices totaling $30,000. Twitter received and approved the invoices but has yet to issue payment.

8. Plaintiff Measuring Usability LLC contracted with Twitter to conduct a user experience benchmark of the Twitter app. Measuring Usability LLC has yet to receive payment for an invoice it submitted for work performed between June and August 2022, totaling approximately $34,000.

9. Plaintiff Foster & Forge Ltd. contracted with Twitter to provide eLearning services for all of 2022. Foster & Forge submitted three invoices in October and November of 2022, all of which were received and approved in Twitter's payment system, but none of which Twitter has paid. These invoices total approximately $34,000.

10. Plaintiffs are concerned that Twitter has no intention of paying the amounts owed to them under their contracts and by law.

11. To ensure Twitter complies with the law, Plaintiffs bring this breach of contract claim on behalf of themselves and all similarly situated vendors and contractors who executed contracts with Twitter, rendered services, and have outstanding or overdue invoices.

## II. PARTIES

12. Plaintiff White Coat Captioning, LLC (hereafter "White Coat Captioning") is, and at all relevant times has been, a Vermont limited liability company, with its principal place of business in St. Albans, Vermont.

13. Plaintiff YES Consulting, LLC (hereafter "YES Consulting") is, and at all relevant times has been, a California limited liability company, with its principal place of business in Mill Valley, California.

14. Plaintiff Autum Communications, Inc. (hereafter "Autumn Communications") is, and at all relevant times has been, a California limited liability company, with its principal place of business in Los Angeles, California.

15. Plaintiff Business Training Works, Inc. (hereafter "Business Training Works") is, and at all relevant times has been, a Maryland limited liability company, with its principal place of business in Port Tobacco, Maryland.

16. Plaintiff Measuring Usability LLC is, and at all relevant times has been, a Colorado limited liability company, with its principal place of business in Denver, Colorado.

17. Plaintiff Foster & Forge Ltd. Is, and at all relevant times has been, registered in the England, with its principal place of business in Andover, United Kingdom.

18. Plaintiffs bring this lawsuit as a Rule 23 class action asserting a breach of contract claim against Twitter on behalf of all vendors and contractors who contracted to provide services or goods to Twitter, performed under the terms of the contract, and have not been paid for performance.

19. Defendant Twitter, Inc. ("Twitter") is a Delaware corporation, headquartered in San Francisco, California.

### III. JURISDICTION

20. This Court has jurisdiction over this proceeding pursuant to 28 U.S.C. §1332(a) and §1332(d).

21. This Court has personal jurisdiction over this matter because Twitter is headquartered in this District and conducts substantial business operations in this District.

## IV. **STATEMENT OF FACTS**

22. Since the company's purchase by Elon Musk in late October 2022, Twitter has slashed spending – by laying off most of its workforce and stopping payment to vendors for services rendered.  More than two dozen vendors, contractors, and property owners with whom Twitter holds leases across the country have already sued Twitter individually for breach of contract. See, e.g., Twitter Vendor Non-Payment, PLAINSITE, https://www.plainsite.org/tags/twitter-vendor-nonpayment/

23. These vendors and contractors include White Coat Captioning, which provides professional captioning services for events, conferences, and classes; YES Consulting, a small business providing leadership coaching and consulting for technology companies;; Autumn Communications, which provides public relations services; Business Training Works, a boutique skills-training company; Measuring Usability LLC (hereinafter "MeasuringU"), which measures user experience; and Foster & Forge, which provides eLearning development solutions.

24. Twitter and White Coat Captioning entered into a written Independent Contractor Agreement, which was effective as of July 28, 2019.

25. In March 2022, Twitter and White Coat Captioning entered into a written contract titled Statement of Work. The Statement of Work is governed by the terms and conditions in the Independent Contractor Agreement.

26. Under the terms of the Statement of Work, White Coat Captioning would provide Twitter with real-time captioning services for the duration of 2022. Specifically, White Coat Captioning would provide reasonable accommodations for Twitter's deaf and hard of hearing employees, as well as support for Twitter employees globally, many of whom used captioning

because English was not their first language or they had other audio processing needs for which they used real-time captioning.

27. The terms of the Statement of Work provided the total fees billed to Twitter would not exceed $200,000 without Twitter's prior written approval. In July 2022, White Coat Captioning received written approval from Twitter to exceed the $200,000 maximum. In 2022, White Coat Captioning ultimately provided services totaling approximately $290,000.

28. White Coat Captioning has fully performed all of its obligations under the Statement of Work and Independent Contractor Agreement.

29. Under the Statement of Work and Independent Contractor Agreement, payments were due 45 days from receipt of an "undisputed" invoice.

30. In mid-November 2022, White Coat Captioning contacted Twitter about the status of some overdue and pending invoices. Twitter reassured White Coat Captioning it had processed and would pay these invoices, but it never did.

31. White Coat Captioning made repeated attempts to secure these and other overdue, approved payments from Twitter. In January 2023, Twitter attributed the delay to the need for "additional review" of the invoices, despite having already approved them. Twitter has not told White Coat Captioning when or if it will issue payment.

32. As of the date of this filing, Twitter owes White Coat Captioning a total of more than $41,000 for ten undisputed, approved, and overdue invoices.

33. Twitter and YES Consulting entered into a written Master Services Agreement, which was effective as of February 23, 2022.

34. In March 2022, Twitter and YES Consulting entered into a written contract titled Statement of Work. The Statement of Work is governed by the terms and conditions in the Master Services Agreement.

35. Under the terms of the Statement of Work, YES Consulting would provide leadership training to Twitter employees through the end of 2022.

36. YES Consulting has performed all of its obligations under the Statement of Work and Master Services Agreement.

37. Under the Statement of Work and Master Services Agreement, payments were due 60 days from receipt of an undisputed invoice.

38. Twitter approved but has not paid invoices for services YES Consulting provided between August 27 and November 29, 2022. YES Consulting has made repeated attempts to secure these overdue payments from Twitter.

39. As of the date of this filing, Twitter owes YES Consulting approximately $49,000 for three undisputed, approved, and overdue invoices.

40. Twitter and Autumn Communications entered into a written Public Relations Services Agreement, which was effective as of September 23, 2022.

41. At the same time, Twitter and Autumn Communications entered into a written contract titled Statement of Work. The Statement of Work is governed by the terms and conditions in the Master Services Agreement.

42. Under the terms of the Statement of Work, Autumn Communications would provide public relations services from September 23, 2022, through September 23, 2023, at a rate of approximately $20,000 per month (plus or minus approved expenses).

43. Autumn Communications has performed all of its obligations under the Statement of Work and Public Relations Services Agreement.

44. Under the Statement of Work and Public Relations Services Agreement, payments were due 45 from receipt of an undisputed invoice.

45. Twitter has not paid invoices for services Autumn Communications provided between September 23, 2022, and late December 2022. Autumn Communications has made repeated attempts to secure these overdue payments from Twitter.

46. As of the date of this filing, Twitter owes Autumn Communications approximately $60,000 for undisputed invoices.

47. Twitter and Business Training Works entered into a written Master Services Agreement, which was effective as of January 12, 2021.

48. In March 2022, Twitter and Business Training Works entered into a written contract titled Statement of Work #3. The Statement of Work is governed by the terms and conditions in the Master Services Agreement.

49. Under the terms of the Statement of Work #3, Business Training Works would provide narrative writing training through December 31, 2022.

50. Business Training Works, Inc. has performed all of its obligations under the Statement of Work and Master Services Agreement.

51. Under the Statement of Work and Master Services Agreement, payments were due 60 days from receipt of an undisputed invoice.

52. Twitter approved but has not paid invoices for services Business Training Works provided between February 2022 and November 2022. Business Training Works has made repeated attempts to secure these overdue payments from Twitter.

53. As of the date of this filing, Twitter owes Business Training Works $30,000 for five undisputed, approved, and overdue invoices.

54. Twitter and MeasuringU entered into a written Master Services Agreement, which was effective as of May 23, 2022.

55. In June 2022, Twitter and MeasuringU entered into a written contract titled Statement of Work No. 1. The Statement of Work is governed by the terms and conditions in the Master Services Agreement.

56. Under the terms of the Statement of Work, MeasuringU would provide a Twitter usability benchmark with a servicing period of June 6, 2022 through August 2022.

57. MeasuringU has performed all of its obligations under the Statement of Work and Master Services Agreement.

58. Under the Statement of Work and Master Services Agreement, payments were due 60 days from receipt of an invoice.

59. Twitter has not paid an invoice for services MeasuringU provided from June 2022 through August 2022. MeasuringU has made repeated attempts to secure this overdue payment from Twitter.

60. As of the date of this filing, Twitter owes MeasuringU approximately $34,000 for one undisputed and overdue invoice.

61. Twitter and Foster & Forge entered into a Master Services Agreement, which was effective as of October 8, 2019. The parties signed a third amendment to the Master Services agreement on February 7, 2022.

62. In January 2022, Twitter and Foster & Forge entered into a written contract titled Statement of Work #5. In April 2022, Twitter and Foster & Forge entered into Statement of Work #6. Both Statements of Work are governed by the terms and conditions in the Master Services Agreement.

63. Under the terms of the Statements of Work #5 and #6, Foster & Forge would provide eLearning services through 2022.

64. Foster & Forge has performed all of its obligations under the Statements of Work and Master Services Agreement.

65. Under the Statements of Work and Master Services Agreement, payments were due 60 days from receipt of an undisputed invoice.

66. Twitter approved but has not paid invoices for services Foster & Forge provided from January through November 2022. Foster & Forge has made repeated attempts to secure these overdue payments from Twitter.

67. As of the date of this filing, Twitter owes Foster & Forge approximately $34,000 for three undisputed, approved, and overdue invoices.

68. Plaintiffs are aware of at least two dozen other vendors and contractors who have asserted similar or identical breach of contract claims against Twitter in cases involving similar facts.

69. Plaintiffs are also aware of even more vendors and contractors who, like Plaintiffs, have not been paid by Twitter under the terms of their contracts and who would have common questions of law and fact if they were to bring their breach of contract claims in court. Moreover, many of these vendors and contractors are businesses without the resources, time, and money to litigate these claims on their own. Last, even if these vendors and contractors marshalled the resources to file a lawsuit, joinder of these parties would be impracticable.

70. In response to internal concerns over Twitter's refusal to pay for services provided, CEO Elon Musk is reported to have said, repeatedly, "Let them sue." See Sawdah Bhaimiya, Elon Musk frequently told Twitter staff 'let them sue' in response to vendors and landlords complaining about unpaid bills, report says, BUSINESS INSIDER (March 17, 2023), https://www.businessinsider.com/elon-musk-let-them-sue-response-twitters-unpaid-pills-report-2023-3.

71. Plaintiffs bring this complaint to ensure Twitter compensates vendors and contractors for whom it has not paid outstanding, undisputed invoices, such as White Coat

Captioning, YES Consulting, Autumn Communications, Business Training Works, MeasuringU, and Foster & Forge. Plaintiffs can and will fairly and adequately protect the interests of the class.

## COUNT I
### Breach of Contract

72. Plaintiffs hereby incorporate by reference and reallege each and all of the allegations set forth above in Paragraphs 1 through 71, inclusive, of this Complaint as though fully set forth and alleged herein.

73. At all times material herein, Plaintiffs and similarly situated businesses have been entitled to the rights, protections, and benefits of the Scope of Work, Master Services Agreement, Independent Contractor Agreement, Public Relations Services Agreement, and/or other contracts they entered into with Twitter.

74. Plaintiffs have fully performed all obligations set out under the terms of their contracts with Twitter and Twitter has never disputed any invoices it received from Plaintiffs.

75. Despite Plaintiffs' repeated demands to Twitter for payment, Twitter has breached its obligations under the terms of its contracts with Plaintiffs by failing and refusing to pay them for services provided under their contracts' terms.

76. As a direct and proximate result of Twitter's above-alleged breach of these contracts with Plaintiffs, Plaintiffs have suffered damages in the amounts described above, plus interest.

## COUNT II
### Quantum Meruit

77. Plaintiffs hereby incorporate by reference and reallege each and all of the allegations set forth above in Paragraphs 1 through 71, inclusive, of this Complaint as though fully set forth and alleged herein.

78. At all times material herein, Plaintiffs and similarly situated businesses have fully

performed all obligations set out under the terms of their contracts and agreements with Twitter, and thus conferred a benefit on Twitter.

79.     Plaintiffs rendered these services at Twitter's request and for a pre-determined, fair, and reasonable value,.

80.     Twitter has not paid any portion of the invoices submitted by Plaintiffs, and there is now due damages in the amount described above, plus interest.

## COUNT III
### Account Stated

81.     Plaintiffs hereby incorporate by reference and reallege each and all of the allegations set forth above in Paragraphs 1 through 71, inclusive, of this Complaint as though fully set forth and alleged herein.

82.     As described above, accounts were stated in writing as between Plaintiffs and Twitter, in various invoices and in Twitter's vendor payment approval system, for the sums due and owing from Twitter to Plaintiffs that Twitter had agreed to pay Plaintiffs.

83.     Twitter has not paid any portion of the invoices submitted by Plaintiffs or invoices marked as approved in Twitter's vendor payment approval system, and there is now due damages in the amount described above, plus interest.

## COUNT IV
### Open Book Account

84.     Plaintiffs hereby incorporate by reference and reallege each and all of the allegations set forth above in Paragraphs 1 through 71, inclusive, of this Complaint as though fully set forth and alleged herein.

85.     As described above, Plaintiffs have kept accounts of the debits and credits involved in their transactions with Twitter, and Twitter has become indebted to Plaintiffs for the amounts detailed above for services and work rendered by Plaintiffs at Twitter's request.

86.     Twitter has not paid any portion of the invoices submitted by Plaintiffs or invoices marked as approved in Twitter's vendor payment approval system, and there is now due damages in the amount described above, plus interest.

## JURY DEMAND

Plaintiffs request a trial by jury on their claims.

WHEREFORE, Plaintiffs request that this Court enter the following relief:

a. Certify a class action and appoint Plaintiffs and their counsel to represent a class of Twitter vendors and contractors who provided services to Twitter, submitted invoice(s) for these services to Twitter, whose invoice(s) Twitter did not dispute and are past due, and who have not received payment from Twitter for these services.

b. Award compensatory damages, including all payments owed for goods or services provided or owed under the terms of the contract, in an amount according to proof;

c. Award pre- and post-judgment interest;

d. Award any other relief to which the Plaintiffs may be entitled.

Respectfully submitted,

WHITE COAT CAPTIONING, LLC, YES CONSULTING, LLC, AUTUMN COMMUNICATIONS, INC., BUSINESS TRAINING WORKS, INC., MEASURING USABILITY LLC, AND FOSTER AND FORGE LTD. on behalf of themselves and all others similarly situated,

By their attorneys,

 /s/ Shannon Liss-Riordan
Shannon Liss-Riordan, SBN 310719

Jane Farrell, SBN 333779
LICHTEN & LISS-RIORDAN, P.C.
729 Boylston Street, Suite 2000
Boston, MA 02116
(617) 994-5800
sliss@llrlaw.com
jfarrell@llrlaw.com

Dated: October 31, 2023

## CERTIFICATE OF SERVICE

I, Shannon Liss-Riordan, hereby certify that a true and accurate copy of this document was served on counsel for Defendant Twitter, Inc. via the CM/ECF system on October 31, 2023.

/s/ Shannon Liss-Riordan
Shannon Liss-Riordan